Stephen SIMON, an individual and as assignee of assignors, Plaintiff–Appellant,

v.

VALUE BEHAVIORAL HEALTH, INC., Guardian Life Insurance Co. of America; Value Health, Inc.; Robert E. Patricelli, Ltd.; American Psychmanagement, Inc; Preferred Healthcare, Ltd; Health Management Strategies International, Inc.; The Prudential Insurance Company; Healthcare Systems, Inc.; Health Risk Management, Health Insurance Association of America; John Hancock Mutual Life Insurance Co.; John Alden Life Insurance Company; Costcare, Inc.; John Hancock Mutual Life Insurance Company Employee Benefit Plan; Blue Cross & Blue Shield Association; Blue Cross & Blue Shield of Illinois, Inc.; Blue Cross/Blue Shield of Iowa, Inc.; Blue Cross/Blue Shield of Kansas, Inc.; Blue Cross/Blue Shield of Massachusetts, Inc.; Blue Cross/ Blue Shield of Michigan, Inc.; Empire Blue Cross/Blue Shield; New York Life Insurance Company; Blue Cross/Blue Shield of Texas, Inc., Administrator and/or Trustee on Behalf of Paune Extrusions Company Employee Benefit Plan; Blue Cross/Blue Shield of Virginia, Inc., Administrator and/or Trustee on Behalf of Commonwealth University Employee Benefit Plan, Metro Inc. Information Services Employee Benefit Plan, Department of Motor Vehicles of the Commonwealth of Virginia Employee Benefit Plan, Linsky Plant Farm, Inc. Employee Benefit Plan, Memorial Hospital, Inc., Employee Benefit Plan, Virginia Polytechnic Institute and State University Employee Benefit Plan, Campbell County Transport Employee Benefit Plan, State of Virginia Employee Benefit Plan, Hodgerman's Company Employee Benefit Plan; Ameri-

can General Life & Accident Insurance Co., Administrator and/or Trustee on Behalf of American General Life & Accident Insurance Co. Employee Benefit Plan; Benefit Trust Life, Administrator and/or Trustee on Behalf of Lagrange Country Club, Inc. Employee Benefit Plan, Wood Tech, Inc. Employee Benefit Plan; Blue Cross of Alaska; Blue Cross of Washington; Specialty Medical Clinic Employee Benefit Plan, Bell Atlantic Corporation; C & P Telephone; Tuthill Corporation; FKW, Inc.; Blue Cross/Blue Shield of Minnesota; Blue Cross/Blue Shield of Maine; Bankers Life And Casualty Company; National Association of Health Underwriters; City of Lewiston School Department; Reliastar Life Insurance Company; PPG Industries, Inc.; Ventura Insurance Administrators, Inc.; Ventura County Foundation For Medical Care, Inc.; A & P Grocery Store, Inc., A & P Grocery Store, Inc. Employee Benefit Plan; Crawford Insurance Company; Security Benefit Trust Fund, Roofers Local 149 Security Benefit Trust Fund; Roofers Local 149 Employee Benefit Plan; ITT Hartford Group, Inc., ITT Hartford Group, Inc., As Administrator and/or Trustee; General American Life Insurance Company; Genelco; Pan–American Life Insurance Company; National Insurance Services; David Koppe; William McGuire M.D.; Metrahealth Care Management Corporation; United Healthcare Corporation; United Healthcare Corporation Employee Benefit Plan; United Healthcare Services, Inc.; United Behavioral Systems, Inc.; Operating Engineers Local 37 Health And Welfare Fund; Cappcare, Inc., Michael Henry; Health International, Inc., erroneously served and sued as Health International Corp.; Stanislaus Foundation for Medical Care; Executive Risk; Benefit Panel Services; Great–West Life Assurance Company; Rocky Mountain Medical Services, DBA Blue Cross and Blue Shield of Colorado; Carpenters Health and Welfare Trust for Southern California; Carpenters Pension Trust for Southern California; Carpenters Southern California Administrative Corporation; Millwrights Local Union No. 1607; Carpenters Local Union No. 1506; Chicago District Council of Carpenters Welfare Fund; Chicago District Council of Carpenters Pension Fund; Retail Clerks–Employers Benefit Plans of Northern California and Valley Clerks Trust Fund; CT Corporation, CSC The United States Corporation; Blue Cross/Blue Shield of California; Metropolitan Life Insurance Company, Administrators and/or Trustee on Behalf of: Sears, Roebuck & Co. Group Medical Plan, Chemical Bank, Inc. Employee Benefit Plan, New York State Freeway Authority Employee Benefit Plan, New York State Department Civic Employee Benefit Division, Tenneco/J.I. Case Co. Employee Benefit Plan, Sun Chemical Corporation Employee Benefit Plan, Dunn & Bradstreet Employee Benefit Plan, Rockwell International, Inc. Employee Benefit Plan, ZEP Manufacturing Company Employee Benefit Plan, National Services Industries, Inc. Employee Benefit Plan, F.W. Woolworth Company Employee Benefit Plan, Nordstrom's Inc. Employee Benefit Plan, Town of New Paltz Employee Benefit Plan, Trustees of the American Engineers Council Insurance Trust Fund, Felker Benefit Services, Pepsico, Inc. Employee Benefit Plan, Ukiah Unified School District Employee Benefit Plan, Louisiana–Pacific, Inc. Employee Benefit Plan, General Electric Company Employee Benefit Plan,

Proctor & Gamble Corporation Employee Benefit Plan, City of Culver Employee Benefit Plan, California Conservation Corp Employee Benefit Plan, Allcare Plan, Transport International Tools, Inc. Employee Benefit Plan, Wood Company Employee Benefit Plan, Montgomery Ward, Inc. Employee Benefit Plan, R.H. Macy's, Inc. Employee Benefit Plan, McDonough Capperton, Inc. Employee Benefit Plan, Toys R Us, Inc. Employee Benefit Plan, J.I. Case Power & Equipment, Inc. Employee Benefit Plan; Metrahealth, William W. McGuire, M.D.; David Koppe; Unified Behavioral Systems, Inc.; National Association of Life Underwriters; Southwestern Bell Employee Benefit Plan; Universal City Studios, Inc., Universal Studios Employee Benefit Plan; Mutual of Omaha; Healthcare Compare Corporation; Health Risk Management, Inc.; Benefit Administrators, Inc.; Care America, Inc.; Uniformed Service Benefit Plan, Inc., U.S. Postal Service; Yuma Proving Ground; U.S. Army; U.S. Marine Corps; U.S. Navy; U.S. Air Force; U.S. Coast Guard; United States of America; First Health, Inc.; Great West Life Assurance Company; Blue Cross/Blue Shield of Alabama; Service Master, Inc. Employee Benefit Plan; Gary Methodist Hospital, Inc., Gary Methodist Hospital, Inc. Employee Benefit Plan; Lewiston School; Maine State Correctional Institution Employee Benefit Plan; Blue Cross/Blue Shield of Oregon, Inc., Administrator and/or Trustee on Behalf of: Safeway Stores, Inc. Employee Benefit Plan, Painters Local 10 Employee Benefit Plan, John Q. Hammonds Hotels, Inc. Employee Benefit Plan; Adventist Health System of Loma Linda, Administrator and/or Trustee on Behalf of Loma Linda School of Medicine Health Assistance and Medical Personnel Services Plan; Loma Linda School of Medicine Health Assistance and Medical Personnel Services Plan; United Chambers Insured Plans; American General Life & Accident Insurance Co., Administrator and/or Trustee on Behalf of American General Life & Accident Insurance Co. Employee Benefit Plan; American Community Mutual Insurance Co.; American Trust Administrators; Automotive Industries Welfare Fund Medical Plan, Brown Group Insurance Co., Administrators and/or Trustee on Behalf of Brown Group Insurance Co. Healthcare Plan; Bankers Life & Casualty Company, Administrator and/or Trustee on Behalf of City of Chicago Employee Benefit Plan; The Vollrath Company, Inc., The Vollrath Company, Inc. Employee Benefit Plan; Chubb Life America; Comparitive Ins. Serv.; McDonnell Douglas Corp./Douglas Aircraft Company; Screen Actors Guild—Producers Pension Plan; Swin Chem Products, Inc., Great Lakes Chemical, Inc.; BL Network, Inc. Employee Benefit Plan; Group Resources, Inc.; Harcourt Brace Jovanovich, Inc.; Health Economics Corporation; City/County of San Francisco; Insurnational Insurance Administrators, Inc.; Insurnational, Inc.; Intermountain Administrators, Inc.; Laborers Health & Welfare Trust for Southern California; McDowell Agency, Inc.; Mutual Assurance; San Francisco Print Industry Welfare Fund, and Newspaper & Periodical Driver's & Helper's Union Local 921—Publishers' Welfare Trust; Pavers and Road Builders District Council Welfare Fund; Jack Wickware; IBEW–NECA Southwestern Health and Benefit Fund; Wal–Mart, Inc.; Wal–Mart, Inc. Associates Group

Health Plan; State Farm Mutual Automobile Insurance Company; Group Health Incorporated; Federated Mutual Insurance Company; European Car Parts, Inc.; Employee Benefit Plan; F.W. Woolworth Company Employee Benefit Plan; F.W. Woolworth Co.; Paula Assurance Co.; Pan American Underwriters, Inc.; Gallegher Bassett Services, Inc.; Employee Benefits Administration and Management Corporation; Milk & Ice Cream Employees Welfare Plan; Blue Cross Blue Shield of Delaware, Blue Cross Blue Shield of Indiana; Blue Cross Blue Shield of Kentucky; Blue Cross Blue Shield of New Jersey; Blue Cross Blue Shield of Connecticut; United Insurance Company of America; NALC Health Benefit Plan; Indiana Child Protective Services; Northern Indiana State Developmental Center; Columbia HCA Healthcare Corporation, Defendants–Appellants.

No. 98–55905.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2000 [1]

Filed March 17, 2000

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Simon, in Propria Persona, Inverness, Florida, for the plaintiff-appellant.

Bruce A. Beckman, Jeffrey P. Smith, Brian F. Rowe, Beckman, Davis, Smith & Ruddy, Los Angeles, California, for defendants-appellees Value Behavioral Health, Inc., Value Health, Inc., Preferred Health-Care, Ltd., American Psychmanagement, Inc., Robert Patricelli, The Prudential Insurance Company of America, The Guardian Life Insurance Company of America, Pacific Mutual Life Insurance Company, PM Group Life Insurance Company, Blue Cross/Blue Shield of Ohio, Mutual Health Service Co., Humana, Inc., McDonough Capperton, Inc., McDonough Capperton, Inc. Employee Benefit Plan and Health Management Strategies International, Inc.

Robert S. Hark, Hark & Andrucki, Lewiston, Maine, and Jeffrey A. Modisett, Attorney General of Indiana, Indianapolis, Indiana, for defendants-appellees City of Lewiston and Maine.

Dennett F. Kouri, William E. von Behren, Brian K. Mazen, Mezerve, Mumper & Hughes, Los Angeles, California, for defendants-appellees American General Life and Accident Insurance Company, et al.

James M. Harris and Amy L. Applebaum, Sidley & Austin, Los Angeles, California, for defendants-appellees CT Corporation and CSC The United States Corporation.

Michael R. Feinberg, Schwartz, Steinsapir, Dohrmann & Sommers, Los Angeles, California, for defendants-appellees NALC Health Benefit Plan.      .

Mark Hanley Lipton, Granite Bay, California, for defendants-appellees Comparative Insurance Services.

Louise H. Renne, City Attorney; Patrick J. Mahoney, Chief Trial Deputy; Peter Obstler, Deputy City Attorney, San Francisco, California, for defendants-appellees City and County of San Francisco.

Thomas A. Miller and Michael S. Henderson, Robins, Kaplan, Miller & Ciresi, Costa Mesa, California, for defendants-appellees Blue Cross and Blue Shield of Minnesota, Federated Mutual Insurance Company and European Car Parts, Inc. Employee Benefit Plan.

Ronald J. Cooke and Nanette B. Zamost, Littler Mendelson, Los Angeles, California, for defendants-appellees Harcourt Brace Jovanovich, Inc.

Delbert C. Gee, Sturgeon, Keller, Phillips, Gee & O'Leary, San Francisco, California, for defendants-appellees Blue Shield & Blue Cross of Georgia, Blue Shield & Blue Cross of Maryland, Blue Shield & Blue Cross of North Dakota, Blue Shield & Blue Cross of Nebraska, and Blue Shield of California.

William M. Demlong and J. Gregory Cahill, Bess Kunz, Phoenix, Arizona, for defendants-appellees American Community Mutual Insurance Company and American Community National Insurance Company Employee Benefit Plan(s).

Neil J. Barker, Pasadena, California, for defendants-appellees Blue Cross and Blue Shield of Alabama.

Marc J. Wodin, Law Offices of Marc J. Wodin, Woodland Hills, California, for defendants-appellees Bankers Life and Casualty Company.

Christopher W. Tompkins, Betts, Patterson & Mines, Seattle, Washington, for defendants-appellees Swim Chem Products, Inc., Great Lakes Chemical Corporation, BL Network, Inc., and BL Network Inc. Employee Benefit Plan.

Alexander B. Cvitan and Esteban Lizardo, Reich, Adell, Crost & Cvitan, Los Angeles, California, for defendants-appellees Laborers Health and Welfare Trust Fund for Southern California.

Gregory H. Halliday and Deborah L. O'Connor, Sedgwick, Detert, Moran & Arnold, Irvine, California, for defendants-appellees Healthcare Compare Corp. (formerly known as HealthCare COMPARE Corp. d/b/a the AFFORDABLE Medical Networks and Affordable Health Care Concepts, k/n/a First Health Group Corp.)

Sean P. Nalty and Karleen F. Murphy, Kelly, Herlihy, Advani & Klein, San Francisco, California, for defendants-appellees United Insurance Company of America.

Robert S. Schulman and James C. Martin, Crosby, Heafey, Roach & May, Los Angeles, California, for defendants-appellees Gallagher Bassett Services, Inc.

Leon W. Weidman, Assistant United States Attorney, and Jon Pearson, Assistant United States Attorney, Los Angeles, California, for defendants-appellees United States Post Office; United States Postal Service Employee Benefit Plan; Civilian Health and Medical Programs of the Uniformed Services; United States Office of Personnel Management; United States Army; United States Army Employee Benefit Plan; United States Academy of Health Science; United States Marine Corps; United States Marine Corps Employee Benefit Plan; United States Navy; United States Navy Employee Benefit Plan; United States Air Force; United States Air Force Employee Benefit Plan; Environmental Protection Agency; Environmental Protection Agency Employee Benefit Plan; United States Forest Service; United States Forest Service Employee Benefit Plan; Federal Aviation Administration; Federal Aviation Administration Employee Benefit Plan; Veteran's Administration; Veteran's Administration Employee Benefit Plan.

Daniel W. Maguire and Ann C. Schneider, Galton & Helm, Los Angeles, California, for defendants-appellees ITT Hartford Group, Inc. and ITT Hartford Group, Inc., As Administrator and/or Trustee; General American Life Insurance Company; Genelco; Pan–American Life Insurance Company, National Insurance Services, David Koppe, William McGuire, M.D.; Metrahealth Care Management Corporation; United Healthcare Corporation; United Healthcare Corporation Employee Benefit Plan; United Healthcare Services, Inc.; United Behavioral Systems, Inc.; Tricon Global Restaurants, Inc.; Pepsi Co.; and Taco Bell.

Meghan K. Serwin and Michael Annis, Paula Financial, Pasadena, California, for defendants-appellees Paula Financial.

Margaret H. Campbell and Andrea L. Bailey, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Georgia, for defendants-appellees Group Resources, Inc.

Mary Hulett and Scott A. Brooks, Daniels, Baratta & Fine, Los Angeles, California, for defendants-appellees National Association of Health Underwriters.

Roland C. Bainer, Clayson, Mann, Yaeger & Hansen, Corona, California, for defendants-appellees Adventist Health System of Loma Linda; Loma Linda University; Loma Linda University Medical Center; Loma Linda University Medical Group, Inc.; Adventist Health

System of Loma Linda Employee Benefit Plan; Loma Linda University School of Medicine Health Assistance and Medical Personnel Service Plan; Loma Linda University Medical Center Employees Benefit Plan; and Loma Linda University Medical Group, Inc. Employee Benefit Plan.

Ellen Kamon, Rosato & Samuels, North Hollywood, California, for defendants-appellees Metropolitan Life Insurance Company and Jack Wickware.

Before: D.W. NELSON, WIGGINS,[2] and RYMER, Circuit Judges.

WIGGINS, Circuit Judge:

Appellant Stephen Simon appeals the district court's dismissal of his civil suit against approximately 1,600 defendants in the health insurance industry. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

### I.

When filing this appeal, Simon requested initial en banc hearing pursuant to Rule 35 of the Federal Rules of Appellate Procedure. The judges of this circuit were notified of this request, but no judge called for an en banc vote. Simon's request is therefore denied. *See* FED. R. APP. P. 35(f).

### II.

Over 600 mental health care patients assigned their benefit claims to at least six mental health care providers who later reassigned these claims to Simon. In June 1996, Simon filed suit to recover on these claims from approximately 1,600 defendants (collectively "Appellees") consisting primarily of insurance companies, insurance company agents, insurance industry trade groups, employee benefit

plans, employers, and governmental entities. His complaint alleged, inter alia, that Appellees violated (1) the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1001 *et seq.;* (2) Section 1 of the Sherman Antitrust Act, codified at 15 U.S.C. § 1001; (3) the Clayton Act, codified at 15 U.S.C. §§ 12–27 and 29 U.S.C. §§ 52–53; and (4) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961–1968. Reduced to their core, these claims accuse Appellees of engaging in a mass conspiracy to withhold benefits fraudulently and to restrain trade.

■ The district court dismissed all of Simon's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We review de novo the district court's dismissal of these claims. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

### III.

■ The first issue on appeal is whether Simon has standing under ERISA, as the assignee of other assignees, to sue on the 600–plus benefit claims that were assigned to him. In a published order, the district court held that Simon lacked standing because he was neither a participant nor a beneficiary of a health benefit plan within the meaning of ERISA and because he was ineligible for the derivative standing that health care providers enjoy. *See Simon v. Value Behavioral Health, Inc.,* 955 F.Supp. 93, 95–96 (C.D.Cal.1997). The district court's interpretation of ERISA raises a question of law which we review de novo. *See Arnold v. Arrow Transp. Co. of Del.,* 926 F.2d 782, 785 (9th Cir.1991). We affirm the district court's decision that Simon lacked standing.

Section 502(a)(1)(B) of ERISA authorizes health benefit plan participants and beneficiaries to bring civil enforcement actions to recover plan benefits.[3] *See* 29

---

**2.** Judge Wiggins authored this Opinion prior to his death.

**3.** Section 502(a)(1)(B) also authorizes plan fiduciaries and the Secretary of Labor to file

U.S.C. § 1132(a)(1)(B). The Supreme Court has construed Section 502 narrowly to permit only the parties enumerated therein to sue directly for relief. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see also Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1264–65 (9th Cir.1992) (following *Franchise Tax Bd.* to deny insurance companies standing to sue under Section 502). Simon conceded in district court that he is neither a participant nor a beneficiary of any of the plans under which his benefit claims arise. Consequently, because he is not one of the parties enumerated in Section 502(a)(1)(B), he may not sue directly under ERISA.

■ Simon also lacks standing under derivative standing theory. In *Misic v. Building Serv. Employees Health & Welfare Trust,* 789 F.2d 1374 (9th Cir.1986) (per curiam), we created a judicial exception to the rule that only enumerated parties may sue for benefits under Section 502(a)(1)(B). In *Misic,* we granted derivative standing to health care providers to whom beneficiaries had assigned their benefit claims after receiving medical care from such providers. *See Misic,* 789 F.2d at 1376–79. From the record, however, it is clear that Simon's complaint alleged no facts suggesting that he provided medical care to any of the beneficiaries of the benefit claims he holds. In fact, his complaint expressly alleged that he acquired these claims through financial transactions with the health care providers to whom the beneficiaries originally assigned their claims. Because it is clear from the face of the complaint that Simon is not a health care provider to whom a beneficiary has assigned his claim in exchange for health care, he is ineligible for derivative standing under *Misic.*

Simon asks us to extend *Misic* to cover not only health care providers but also the assignee of health care providers. We de-

cline. In upholding the assignment of benefit claims to health care providers in *Misic,* we observed that such assignment would facilitate the receipt of health care benefits by beneficiaries because, among other things, it would (1) make "it unnecessary for health care providers to evaluate the solvency of patients before commencing medical treatment" and (2) save beneficiaries from the burden of fronting potentially large medical bills while waiting for reimbursement from their health benefit plans. *Misic,* 789 F.2d at 1377. In other words, we granted derivative standing to health care providers *not* because we believed that federal common law on derivative standing trumps the plain language of Section 502. We granted it because permitting health care providers to sue in place of the beneficiaries they had treated was consistent with Congressional intent in enacting ERISA. *See id.; see also Hermann Hosp. v. MEBA Med. & Benefits Plan,* 845 F.2d 1286, 1289 n. 13 (5th Cir. 1988) ("To deny standing to health care providers as assignees of beneficiaries of ERISA plans might undermine Congress' goal of enhancing employees' health and welfare benefit coverage."). Granting derivative standing to health care providers simplified the billing structure among the patient, his care provider, and his benefit plan in a way that enhanced employee health benefit coverage.

In the instant case, for us to grant Simon standing would be tantamount to transforming health benefit claims into a freely tradable commodity. It could lead to endless reassignment of claims, and it would allow third parties with no relationship to the beneficiary to acquire claims solely for the purpose of litigating them. We do not see how such a result would further ERISA's purpose. Our review of the statutory text of Section 502, relevant precedent, and the legislative history of ERISA also revealed no indication that Congress intended for plaintiffs in Simon's

---

suit. *See* 29 U.S.C. § 1132(a)(1)(B). These provisions, however, do not apply to the instant case because Simon has never alleged

himself to be a plan fiduciary and because he obviously is not the Secretary of Labor.

position to sue under ERISA. We therefore decline to extend derivative standing to Simon. *Cf. Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 14 (2d Cir.1991) ("[I]n the absence of some indication of legislative intent to grant additional parties standing to sue, the list in § 502 should be viewed as exclusive."). Because Simon lacks standing, the district court properly dismissed his ERISA claims.

## IV.

Simon's antitrust trust claims essentially accuse Appellees of engaging in two practices: (1) operating two-tiered health plans in which patients who use network providers enjoy better benefits than those who use out-of-network providers; and (2) sharing statistical information about the usual and customary charges for medical treatment. The gravamen of these claims is that these practices constitute a restraint of trade that drove certain out-of-network providers out of business. The district court dismissed Simon's antitrust claims on the basis of the McCarran–Ferguson Act, codified at 15 U.S.C. § 1012(b), which exempts the business of insurance from federal antitrust regulation. We affirm for a simpler reason: Simon lacks standing to assert his antitrust claims. *See Steckman,* 143 F.3d at 1295 (permitting affirmance of a Rule 12(b)(6) dismissal on any proper ground regardless of whether the district court relied on that ground).

■ Federal antitrust laws provide a private right of action only to individuals who are "injured in [their] business or property by reason of" a federal antitrust violation. 15 U.S.C. § 15(a). The violation must be the proximate cause of the injury. *See Blue Shield of Virginia v. McCready,* 457 U.S. 465, 477, 102 S.Ct. 2540, 73 L.Ed.2d 149 (1982); *Oregon Laborers–Employers Health & Welfare Trust Fund v. Philip Morris Inc.,* 185 F.3d 957, 963 (9th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 789, 145 L.Ed.2d 666 (2000). When determining whether a plaintiff's injuries suffice to grant him standing to sue, we examine three factors:

"(1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries." *Oregon Trust Fund,* 185 F.3d at 963.

■ In the instant case, there are more direct victims of Appellees' allegedly illegal conduct. To the extent that Appellees' practices drove certain health care providers out of business, it was the providers who suffered the injury. To the extent that Appellees' practices restricted a plan beneficiary's access to mental health care, it was the beneficiary who suffered the injury. Simon's connection to the alleged victims is at best one-step removed: He is merely the assignee of benefit claims. He is neither an injured beneficiary nor an injured health care provider, and thus the first factor weighs heavily against him.

The second and third factors also do not favor Simon. Because Simon never alleged how he himself has been injured by Appellees' actions, it is impossible to ascertain how much of such injury is attributable to Appellees' conduct or whether the apportionment of damages will require complex rules. Even if we were to assume that Simon was injured by the loss of whatever consideration he paid in exchange for the assignment of the benefit claims, we still would face the difficult task of determining how much of the antitrust injury to the health care providers should be imputed onto the beneficiaries and then further imputed onto Simon. After this task is done, we then would face the even more difficult task of apportioning damages. Although it is unclear whether this case implicates a risk of multiple recovery, apportioning damages would be complicated by virtue of the complexity of Appellees' interactions.

In sum, no factor supports Simon, and the first factor in particular weighs heavily against him. We therefore find that Simon lacks standing to assert his antitrust claims and affirm their dismissal by the district court. *See id.* at 963–66 (denying standing to a plaintiff who did not suffer a direct injury from the defendant's conduct).

### V.

The last set of substantive issues concerns Simon's RICO claims. In his complaint, Simon alleged that Appellees engaged in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(a), 1962(c) & 1962(d). But because his complaint failed to allege either an injury caused by the investment of racketeering income or the existence of a RICO enterprise, we affirm the dismissal of his RICO claims.

#### (A) 18 U.S.C. § 1962(a)

■ Section 1962(a) prohibits the investment or improper use of money obtained from racketeering activity. *See* 18 U.S.C. § 1962(a). In order to plead a Section 1962(a) claim, Simon must allege that he suffered injury arising from Appellees' investment or improper use of racketeering income. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir.1992).

■ Simon's complaint alleged that Appellees fraudulently denied health benefit claims and then invested the proceeds to develop a group of preferred medical providers who operated to eliminate outside providers. Assuming arguendo that this conduct constitutes an illegal investment of racketeering income, Simon still has not alleged any injury to himself. Any injury caused by the investment was to the outside medical providers who were allegedly driven out of business by the preferred providers. Nowhere did Simon allege that Appellees' investment drove him out of business or harmed him directly in some way. His failure to plead this requisite element means that he has failed to plead a cognizable Section 1962(a) claim. *See*

*Oregon Trust Fund*, 185 F.3d at 963 (stating that a "direct relationship between the injury and the alleged wrongdoing" is central to standing in a private RICO claim).

#### (B) 18 U.S.C. § 1962(c)

■ Section 1962(c) prohibits association with an "enterprise" engaged in racketeering activity. *See* 18 U.S.C. § 1962(c). In order to plead a Section 1962(c) violation, Simon must allege that Appellees were associated with an "enterprise" within the meaning of RICO. *See Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir.1999). The definition of "enterprise" encompasses both groups with a formal legal structure and those whose members merely associate in fact. *See* 18 U.S.C. § 1961(4). Either way, however, a group does not constitute an enterprise unless it exists independently from the racketeering activity in which it engages. *See Chang v. Chen*, 80 F.3d 1293, 1298 (9th Cir.1996) (citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)). At minimum, it must have "some sort of structure ... for the making of decisions" and "some mechanisms for controlling and directing the affairs of the group on an ongoing, rather than an ad hoc, basis." *Id.* at 1299 (internal quotations omitted). A group whose members collectively engage in an illegal act, in-and-of-itself, does not constitute an "enterprise" for the purposes of RICO. *See id.* at 1300.

■ Simon's complaint alleged no more than that Appellees collaborated to defraud health plan beneficiaries. But a "conspiracy is not an enterprise for the purposes of RICO." *Chang*, 80 F.3d at 1300. As in *Chang*, Simon did not allege facts that showed a structure to Appellees' collusion beyond the racketeering activity itself. *See id.* He never alleged the existence of a system of authority that guided the operation of the enterprise. He never alleged that Appellees "utilized a structure separate and apart from the predicate acts to distribute the proceeds of the [allegedly

fraudulent] transactions." *Id.* Given the absence of any alleged facts suggesting the existence of an enterprise, he has failed to state a cognizable Section 1962(c) claim. *See id.* at 1301.

### (C) 18 U.S.C. § 1962(d)

█ .Section 1962(d) prohibits the act of conspiring to violate Section 1962(a) or Section 1962(c). *See* 18 U.S.C. § 1962(d). Simon's failure to plead the requisite elements of either a Section 1962(a) or a Section 1962(c) violation implicitly means that he cannot plead a conspiracy to violate either section. *See Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367 n. 8 (9th Cir.1992); *see also Neibel v. Trans World Assurance Co.,* 108 F.3d 1123,1127 (9th Cir.1997) ("[I]f the section 1962(c) claim does not state an action upon which relief could ever be granted ... then the section 1962(d) claim cannot be entertained."). We thus affirm the dismissal of his Section 1962(d) claims.

### VI.

█ In dismissing Simon's Third Amended Complaint, the district court denied him further leave to amend his antitrust and RICO claims. Simon argues that this denial constitutes error. We review for abuse of discretion the district court's denial of further leave to amend. *See Griggs v. Pace Amer. Group, Inc.,* 170 F.3d 877, 879 (9th Cir.1999). The district court's discretion "is particularly broad" when the plaintiff previously has been granted leave to amend. *Id.* The key question is whether Simon could have saved his complaint through further amendment. *See id.* We conclude that he could not.

█ As discussed above, Simon's antitrust claims suffer from a fatal defect: The absence of direct injury. His RICO claims suffered from the same defect and from the absence of a racketeering enterprise. Although it is theoretically possible for Simon to allege more specific facts, his failure to do so after the district court had given him three opportunities to amend his original complaint and had discussed with him the substantive problems with his claims suggests the futility of further amendment. We therefore find no abuse of discretion in the district court's refusal to grant Simon leave to amend his Third Amended Complaint. *See Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 356 (9th Cir.1996) (affirming denial of leave to amend when further amendment would have been futile and when the plaintiff had already been given prior opportunities to amend).

Simon also appeals the district court's denial of leave to amend the ERISA claims in his First Amended Complaint. We again affirm. As discussed above, Simon is neither a plan participant, a plan beneficiary, a health care provider, a plan fiduciary, nor the Secretary of Labor—the only people that the Ninth Circuit has recognized as having standing to sue for benefits under ERISA. Further amendment will not change the fact that he is not one of these five types of people.

### VII.

Finally, Simon challenges a number of procedural rulings that the district court made · over the course of the litigation.[4] We decline to evaluate the merits of these rulings because any error by the district

---

**4.** The district court rulings contested by Simon include: (1) allowing Simon only 90 days to serve his First Amended Complaint; (2) refusing to grant Simon additional time beyond those 90 days to serve his First Amended Complaint; (3) dismissing all unserved defendants; (4) ordering Simon to revive the corporate status of two corporations who had assigned benefit claims to him; (5) staying discovery; (6) quashing the service of numerous administrators and trustees of various ERISA employee benefit plans; (7) refusing to grant Simon additional time to serve his Second Amended Complaint; (8) dismissing sua sponte and without prejudice all named defendants except Value Behavioral Health; and (9) denying Simon leave to join additional parties to his Third Amended Complaint.

court would have been harmless. Even if Simon were entitled to more time to serve process upon Appellees, to join additional defendants to his lawsuit, or to have discovery proceed immediately, he still bore the burden of pleading a cognizable claim. Given that the claims in his complaint were substantively inadequate, they still would not have survived dismissal under Rule 12(b)(6) even if the district court had ruled in his favor on any of the procedural rulings he now challenges.

AFFIRMED.