**Felicidad GUERPO, Plaintiff–Appellant,**

v.

**AMRESCO RESIDENTIAL MORTGAGE CORPORATION; Arm Financial Corporation; Bank of New York, Defendants–Appellees.**

No. 00–15658.

D.C. No. CV–99–00824–HG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided July 11, 2001.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM *

Felicidad Guerpo ("Guerpo") appeals the district court's dismissal of her Truth in Lending Act ("TILA") complaint against the original and subsequent holders of the mortgage on her house.

■ When Guerpo declared bankruptcy, her property became the property of the bankruptcy estate. 11 U.S.C. § 541(a). This included "all legal or equitable interests of the debtor in property," *id.* at § 541(a)(1), a phrase that has been interpreted to include causes of action, *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986), including TILA rescission claims, *Rowland v. Novus Fin. Corp.*, 949 F.Supp. 1447, 1453 (D.Haw.1996). Thus, only the bankruptcy trustee could bring the TILA action, and the district court did not err in holding that Guerpo lacked statutory standing to sue. For the same reason, the district court did not err in denying Guerpo's Motion to Alter and Amend the Judgment.

■ Nor did the district court err in refusing to give Guerpo a lengthier extension of time to cure the standing problem. To grant the second extension, the court would have had to issue a temporary restraining order ("TRO") to prevent the sale at auction of Guerpo's house, and the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

district court correctly held that without a plaintiff with proper standing, it could not issue such a TRO.

Additionally, we hold that the district court did not err in dismissing the complaint with prejudice. We review the decision to dismiss with prejudice for an abuse of discretion. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000). Because the bankruptcy trustee had never abandoned the right to sue, the district court did not abuse its discretion in prohibiting Guerpo from returning to court unless and until she had standing.

However, we note that the phrase, "with prejudice," is to be construed narrowly in this instance. The case was dismissed "with prejudice" only because Guerpo did not have statutory standing in her then existing situation. Thus, the dismissal will not preclude the bankruptcy trustee from pursuing the same TILA cause of action, nor will it preclude Guerpo from filing suit should the trustee abandon or assign the right to sue to Guerpo. In either case, the plaintiff will have acquired statutory standing to sue under TILA, and the dismissal with prejudice will have no preclusive effect.

Finally, the district court did not err by failing to transfer the case to the bankruptcy court. The district court was the proper court to determine whether Guerpo had standing to sue, especially given the final judgment in the bankruptcy proceeding. Furthermore, Guerpo never asked the district court to transfer the proceedings.

AFFIRMED.