263 F.3d 176 (2nd Cir. 2001)
 STEPHEN SIMON INDIVIDUALLY AND AS ASSIGNEE OF HUMANISTIC MENTAL HEALTH FOUNDATION, PLAINTIFF-APPELLANT,
v.
GENERAL ELECTRIC COMPANY, JANIE DYGERT, DALE F. FREY, GE LIFE DISABILITY & MEDICAL PLAN, DEFENDANTS-APPELLEES.
 Docket No. 00-9437
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: August 6, 2001
Decided: August 29, 2001
 
 Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, J.), granting a motion by defendants-appellees to dismiss the case for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that plaintiff lacked standing to bring suit under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B), because he was not a "participant" or "beneficiary" of a benefit plan as required by § 502(a)(1)(B).
 Affirmed.
 Stephen Simon, Inverness, Fl, pro se.
 Daniel J. Klau, Nicholas J. Maglio, Wiggin & Dana, Hartford, Ct, for Appellees.
 Before: Miner, Calabresi, and Cabranes, Circuit Judges.
 
 Per Curiam
 
 1
 Plaintiff pro se Stephen Simon appeals from the dismissal of his Employee Retirement Income Security Act ("ERISA") lawsuit against General Electric, General Electric Life Disability and Medical Plan, plan administrator Janie Dygert, and trustee Dale F. Frey, by the United States District Court for the District of Connecticut (Robert N. Chatigny, J.) on May 8, 2000. The district court found that plaintiff lacked standing to sue for health care benefits under § 502 of ERISA, 29 U.S.C. § 1132(a), because he was an assignee of an assignee and not a "participant" or "beneficiary" of a plan. Section 502(a)(1)(B) limits the class of individuals who can sue to recover benefits due, enforce rights, or clarify rights to future benefits to those individuals who are "participants" or "beneficiaries" of a benefits plan. We affirm.
 
 BACKGROUND
 
 2
 In August 1999, Simon brought suit under ERISA seeking equitable, declaratory and injunctive relief. Simon claimed that Humanistic Mental Health Foundation ("Humanistic") provided medical services to a patient identified as "M.M." who was either a participant or beneficiary in the GE Life Disability and Medical Plan (the "Plan"). Humanistic charged a total of $25,600 for services rendered to M.M. and the Plan's administrator denied payment of $5,637 of that amount. Simon alleged that M.M.'s claims were then assigned to Humanistic, who unsuccessfully appealed the denial by the Plan's administrator. Humanistic, in turn, assigned the claims to Simon, apparently a non-lawyer, who sought to recover the unpaid amount from GE to no avail. In his complaint, Simon asserted claims of denial of ERISA benefits and breach of fiduciary duty under ERISA § 409, and requested "attorney of record" fees under 29 U.S.C. § 1132(g).
 
 
 3
 In May 2000, defendants General Electric Company, Janie Dygert, Dale F. Frey, and GE Life Disability & Medical Plan (collectively, "GE") moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on the basis that Simon did not have standing under ERISA to bring the claim. By order entered October 13, 2000, the district court granted defendants' Rule 12(b)(6) motion and dismissed the complaint. The district court found that Simon lacked standing to sue for health care benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), because he was not a participant or beneficiary of a plan, but rather an assignee of an assignee.
 
 
 4
 In this appeal, Simon restates his claims, arguing that he had standing to sue in district court because: (1) he raised a "colorable claim" under ERISA; (2) he is a creditor of Humanistic and has a personal stake in the outcome of the action; and (3) under the principle of subrogation, he may sue as an assignee of an assignee. Simon also claims that the district court abused its discretion in (1) not affording him the liberal construction of pleadings afforded to all pro se parties; (2) granting the motion to dismiss the complaint; (3) not allowing him to replead his complaint to include state law causes of action; and (4) dismissing his complaint with prejudice because that ruling would preclude Humanistic from raising those same claims based on res judicata or the collateral estoppel doctrine.
 
 DISCUSSION
 
 5
 Section 502(a)(1)(B) of ERISA authorizes health plan participants and beneficiaries to bring civil enforcement actions to recover plan benefits. See 29 U.S.C. § 1132(a)(1)(B). ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The statute defines "participant" as "any employee or former employee... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). In Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27 (1983), the Supreme Court construed § 502 narrowly to permit only the parties enumerated therein to sue directly for relief. See also Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12, 14 (2d Cir. 1991) ("[I]n the absence of some indication of legislative intent to grant additional parties standing to sue, the list in § 502 should be viewed as exclusive.").
 
 
 6
 Before the district court, Simon conceded that he is neither a participant nor beneficiary of the plan under which his benefit claims arise. Accordingly, he cannot bring suit under § 502. Simon instead claims standing to sue under ERISA as an assignee of a beneficiary. This circuit joined the Fifth, Sixth, Seventh, and Ninth circuits in carving out a narrow exception to the ERISA standing requirements. This narrow exception grants standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care. I.V. Servs. of Am., Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund, 136 F.3d 114, 117 n.2 (2d Cir. 1998). Simon is not a healthcare provider assignee. Accordingly, and for the reasons given by the several circuit courts,* we conclude that Simon does not have standing to sue under the terms of ERISA. See, e.g., Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1081 (9th Cir. 2000) (noting that granting plaintiff standing "would be tantamount to transforming health benefit claims into a freely tradable commodity").
 
 
 7
 * * *
 
 
 8
 We have reviewed the remainder of Plaintiff's claims and find them to lack merit. The judgment of the district court is affirmed.
 
 
 
 NOTE:
 
 
 *
 Plaintiff has brought similar suits in several other circuits and all the courts have reached the same conclusion. See Simon v. Value Behavioral Health, Inc., 208 F.3d 1073 (9th Cir. 2000); Simon v. Cyprus Amax Minerals Health Care Plan, 2001 WL 640410 (10th Cir. Jun. 11, 2001) (unpublished decision); Simon v. Belwith International, Inc., 248 F.3d 1151 (6th Cir. 2001) (unpublished decision); Simon v. Quaker Oats Employee Benefit Plan, 234 F.3d 1274 (7th Cir. 2000) (unpublished decision).