## Vincent M. DEMARCO; Bruce G. O'Brien, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,

v.

## DEPOTECH CORPORATION; Edward L. Erickson; Sinil Kim, Defendants—Appellees.

### No. 01–55298.
### D.C. No. CV–98–00675–TJW(LSP).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

See also 131 F.Supp.2d 1185.

Before ARCHER,* O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

A class of investors, with lead plaintiffs Vincent DeMarco and Bruce O'Brien, appeals the district court's dismissal of the Corrected Second Amended Complaint ("CSAC"). The CSAC alleged that Depo-Tech Corp. and two of its officers, Edward Erickson and Sinil Kim, committed securities fraud by making false statements about clinical trials for a drug called Depo-Cyt. Because the parties are familiar with the facts, we will not recite them in detail

---

* The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We agree with the district court that the CSAC failed to meet the heightened pleading standards under the Private Securities Litigation Reform Act ("PSLRA"), which requires that a complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). Pursuant to *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 974 (9th Cir.1999), plaintiffs "must plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." In other words, plaintiffs "must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent." *Silicon Graphics,* 183 F.3d at 979.

Congress enacted the PSLRA "to put an end to the practice of pleading 'fraud by hindsight.'" *Id.* at 988 (citation omitted). Accordingly, "the complaint must contain allegations of specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Ronconi v. Larkin,* 253 F.3d 423, 432 (9th Cir.2001) (citation omitted).

The CSAC fails to state with particularity facts that give rise to a strong inference of deliberate recklessness. *See Silicon Graphics,* 183 F.3d at 974. The CSAC alleged that DepoTech knew that the statements it made were false when made because, among other things, the defendants had received Case Report Forms and Adverse Experience Forms from the clinical trials. However, the CSAC fails to include "adequate corroborating details" regarding the Case Report Forms and Adverse Experience Forms. *Id.* at 985. The

CSAC does not provide details on the contents of any particular report, nor does it include details explaining how the plaintiffs learned that defendants actually saw the reports or knew of their contents. *Id.* "In the absence of such specifics, we cannot ascertain whether there is any basis for the allegations that the officers had actual or constructive knowledge of [the company's] problems that would cause their optimistic representations to the contrary to be consciously misleading." *Id.*

Furthermore, the CSAC's allegations regarding statements made by DepoTech at the December 1997 hearing before the Oncologic Drugs Advisory Committee do not satisfy the *Silicon Graphics* pleading requirements. The hearing took place months after the alleged misstatements, and thus the CSAC's use of the hearing is an attempt to plead fraud based purely on hindsight. *Silicon Graphics,* 183 F.3d at 988. In addition, we agree with the district court that the remaining scienter allegations in the complaint are "vague and speculative" and fail to meet the *Silicon Graphics* requirements.

■ Appellants argue that the circumstances surrounding the allegedly false statements support a strong inference of deliberate recklessness. Specifically, appellants contend that DepoTech had incentives to commit fraud because, as alleged in the CSAC, DepoCyt was critical to the company's success, and the company sought additional funding during the class period. Those allegations, however, show no more than a motive to commit fraud, which, standing alone, is insufficient. *Id.* at 987. Appellants also point to stock sales by insiders during the class period, but the CSAC fails to allege that the sales were inconsistent with the insiders' prior trading history. *See Ronconi,* 253 F.3d at 436.

■ We also agree with the district court that DepoTech cannot be held liable for statements made by securities analysts regarding the likelihood of success of FDA approval for DepoCyt. The CSAC does not allege that DepoTech expressly or implicitly gave the statements its imprimatur. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 934 (9th Cir.1996). Nor does it allege that DepoTech "made false and misleading statements to securities analysts *with the intent* that the analysts communicate those statements to the market." *Cooper v. Pickett*, 137 F.3d 616, 624 (9th Cir.1998) (emphasis added).

Appellants contend that the district court erred by denying leave to amend the CSAC. However, appellants failed to set forth any facts that could save the CSAC, and they already had two opportunities to amend it. Accordingly, the district court did not abuse its discretion in denying leave to amend the complaint. *See Silicon Graphics*, 183 F.3d at 991; *Simon v. Value Behavioral Health Inc.*, 208 F.3d 1073, 1084 (9th Cir.2000).

We DENY appellee's motion for judicial notice as moot.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.