**Bruce D. BURROUGHS, et al.,**
**Plaintiffs—Appellants,**

v.

**NORTHROP GRUMMAN**
**CORPORATION, et al.,**
**Defendants—Appellees.**

No. 00–57050.
D.C. No. CV–98–06540–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided March 19, 2002.

Before ARCHER,* O'SCANNLAIN,
and SILVERMAN, Circuit Judges.

* The Honorable Glenn L. Archer, Jr., United    States Senior Circuit Judge for the Federal

MEMORANDUM **

Appellants, purchasers of Northrop Grumman Corporation common stock, appeal the district court's Rule 12(b)(6) dismissal of their Section 10(b) securities fraud class action for failure to plead with particularity under the Private Securities Litigation Reform Act of 1995 (PSLRA) and *In re Silicon Graphics, Inc. Securities. Litigation,* 183 F.3d 970 (9th Cir. 1999). Appellants alleged that Northrop and its officers and directors inflated Northrop's stock price with statements about a proposed merger with Lockheed Martin even though they knew "with virtual certainty" that the Departments of Defense and Justice would attempt to block the merger on antitrust grounds or demand drastic, unacceptable asset divestitures. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review the district court's dismissal of the third amended complaint de novo and examine the securities fraud complaint to determine whether the appellants have complied with the stringent pleading requirements of the PSLRA. *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1021 (9th Cir.2000), *cert. denied,* 532 U.S. 1021, 121 S.Ct. 1962, 149 L.Ed.2d 757 (2001); *Silicon Graphics,* 183 F.3d at 974. The allegations must be supported by "adequate corroborating details" including the sources of the information on which the allegations are based. *Id.* at 985. Because the parties are familiar with the facts, we recount them only as necessary to this decision.

■ Appellants argue that the district court erred by taking judicial notice of redacted board meeting minutes. Because appellants relied on the same board meet-

ing minutes to support allegations of scienter in their third amended complaint, the district court did not abuse its discretion by taking judicial notice of the board meeting minutes to determine whether the minutes sufficiently corroborated the allegations of scienter. *Silicon Graphics,* 183 F.3d at 986.

■ Appellants argue that they sufficiently pleaded scienter pursuant to the PSLRA and *Silicon Graphics.* However, we agree with the district court that appellants failed to plead sources to support their facts. When they did plead sources for their facts, the documents failed to support or directly contradicted appellants' factual allegations. Thus, appellants did not comply with the heightened pleading standards of the PSLRA and *Silicon Graphics.*

■ Finally, appellants argue that the district court should have dismissed with leave to amend. We review the district court's denial of further leave to amend for an abuse of discretion. *Silicon Graphics,* 183 F.3d at 983. The district court did not abuse its discretion in not allowing leave to amend because amendment would have been futile. *See Silicon Graphics,* 183 F.3d at 991; *Simon v. Value Behavioral Health Inc.,* 208 F.3d 1073, 1084 (9th Cir. 2000). Appellants obtained extensive discovery in state court, unsuccessfully attempted to plead this case three times, and have come forward with no additional facts that they could plead to meet the requirements of the PSLRA and *Silicon Graphics.*

AFFIRMED.

Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.