**P. James NUGENT, M.D.,**
**Plaintiff—Appellant,**

v.

**SAINT AGNES MEDICAL CENTER,**
**et al., Defendants—Appellees.**

No. 01–16944.

D.C. No. CV–01–05648–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Dec. 17, 2002.

Before BERZON, TALLMAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

P. James Nugent, M.D. ("Dr.Nugent"), appeals the district court's dismissal of his complaint. The district court dismissed his RICO count for failure to state a claim and declined to exercise jurisdiction over his supplemental state law claims. We affirm.

As the parties are familiar with the facts, we recite them only as necessary.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review the dismissal of the RICO claim *de novo*. *Howard v. America Online Inc.*, 208 F.3d 741, 746 (9th Cir.2000). To state a valid RICO claim, Dr. Nugent was required to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The district court correctly dismissed the RICO claim because Dr. Nugent, at a minimum, failed to plead a pattern.

The pattern requirement was not satisfied because Dr. Nugent showed no "threat of continuing activity." *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (citation and quotation omitted). Contrary to Dr. Nugent's assertion, Defendants' acts demonstrated no open-ended continuity, that is, "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. The predicate acts all were allegedly committed with the singular purpose of harming Dr. Nugent's practice. Dr. Nugent pled no facts indicating that Defendants aimed to harm any other physician through the same or a similar scheme. When, as here, a scheme involves "but a single alleged fraud with a single victim," there is no threat of continuity. *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363 (9th Cir.1988); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535–36 (9th Cir.1992).

We conclude, moreover, that Dr. Nugent can plead no facts that would enable him to meet the pattern requirement. Thus, the district court did not abuse its discretion by denying leave to amend the complaint. *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000). As to the other issues Dr. Nugent

raises on this appeal, we find no merit in any of them.

AFFIRMED.