Jesse **MEJIA**, an individual,
Plaintiff—Appellant,

v.

Phillip **STOLARSKI**; Robert Stott; James Roberts; James Van Loben Sels; Jerry Martin; R.P. Sommariva; R.P. Weaver; Jim Drago; Bart Gauger; Joel Philipp; Jimmy Oladokun; Philip C. Warriner, individuals, Defendants—Appellees.

No. 04–56117.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Decided April 7, 2006.

John A. Gladych, Esq., Gladych & Associates, Inc., Newport Beach, CA, for Plaintiff–Appellant.

John G. Tavetian, Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

138

JONES,** District Judge.

## MEMORANDUM ***

Jesse Mejia, owner of Mejia Steel Welding, appeals the district court's dismissal without leave to amend of his suit against twelve California Department of Transportation officials for a conspiracy involving welding-inspections on seismic retrofit projects in the mid–1990's. The facts are familiar to the parties and are not repeated here.

The district court dismissed Mejia's complaint based on the one-year statute of limitations found in former California Code of Civil Procedure § 340(3). We determine "the accrual of civil conspiracies for limitations purposes in accordance with the last overt act doctrine." *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986). Under this doctrine, Mejia must allege an overt act that injured him within the limitations period and not just a continuing conspiracy. *Id.* Unfortunately, the only qualifying act Mejia alleges is the presentation of false testimony at an arbitration in *Advanco v. State of California Department of Transportation*. As Mejia conceded in the district court, neither he nor his company did any welding for Advanco, and neither he nor his company are mentioned in the arbitration decision. Thus, any false testimony at the *Advanco* arbitration could not have injured Mejia, and the district court correctly dismissed his complaint as barred by the statute of limitations.[1]

Mejia claims that he should be given yet another opportunity to amend his complaint. Tellingly, Mejia already once agreed to amend his first amended complaint to allege the 'wrongful acts' of the defendants that constituted 'continuing violations' of his Constitutional rights. His second amended complaint, however, still failed to allege any overt acts that occurred within the limitations period, and we are drawn to conclude that he did not allege any qualifying acts because he was unable to do so. Because Mejia could not save his complaint through further amendment, the district court did not abuse its discretion in dismissing his complaint without leave to amend. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.2000).

**AFFIRMED.**

---

** The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We deny as moot Appellees' unopposed request to take judicial notice of the fact that the contractor's licenses for both Mejia and his company expired in 2000, as established by certified records from the Contractors State License Board.