BERZON, Circuit Judge, concurring: As the main opinion explains, under Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881 (9th Cir. 2005), the transfer of thé right to sue to a nonowner or nonexclusive licensee of a copyright right can never confer standing to sue for a copyright violation, no matter the relationship of the transferee to the copyrighted material. Main Op. at 985-86.1 write separately to reiterate my view that Silvers was wrongly decided.- In Silvers, I would have concluded that Nancey Silvers, the creator of the copyrighted work, had an interest in infringement sufficient to confer standing. By the same logic, I would conclude that DRK photo has an interest in infringement sufficient to confer standing to pursue the causes of action here at issue. Because Silvers remains controlling, however, I am compelled to agree with the majority’s determination that DRK Photo lacks standing. Section 501(b) provides that “[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it.” 17 U.S.C. § 501(b). That provision, in my view, should not be read to exclude categorically any party not the “legal or beneficial owner” from bringing an infringement claim, even if the legal or beneficial owner authorizes that party to sue and even if that party has an independent interest in enforcing the copyright other than assignment of the right to sue. The Silvers majority impliedly recognized that the limitation on an owner of a copyright bringing suit “while he or she is the owner of it” should be read pragmatically. It acknowledged that a copyright owner may pursue claims accrued before he or she acquired the copyright. Permitting the new owner to sue for accrued claims “makes ... sense” because “[w]hen one acquires a copyright that has been infringed, one is acquiring a copyright whose value has been impaired,” and “[consequently, to receive maximum value for the impaired copyright, one must also convey the right to recover the value of the impairment by instituting a copyright action.” Silvers, 402 F.3d at 890 n.1. A construction of § 501(b) that allows an accrued cause of action to transfer when copyright ownership transfers cannot be reconciled with a construction that always precludes assignment of the right to sue to any party not the legal or beneficial owner. As my dissent in Silvers explained, I believe the question whether copyright claims are assignable should be similarly informed by the overall purpose of the Copyright Act. Id. at 893 (Berzon, J., dissenting). The issue in Silvers was whether an author of a script could bring an action for infringement when the work was created as a work-for-hire such that the author did not own the copyright. Disagreeing both with the majority’s conclusion that only the present legal or beneficial copyright owner has standing to bring a claim, and with Judge Bea’s assertion in a separate dissent that there ought to be “an entirely free market for accrued causes of action in copyright,” id. at 891 (Berzon, J., dissenting) (citing id. at 905 (Bea, J., dissenting)), I proposed that we chart a middle course. As I wrote, “I would hold that Silvers, given her status as the original creator of the contested ‘work-for-hire,’ may pursue the accrued claims assigned by Frank & Bob Films, while a complete stranger ... could not.” Id. In other contexts, this circuit looks to “the general goal of the statute” in deciding whether to recognize assignment of claims created by federal statute. Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam). For example, in the ERISA context, we permit a health care provider, assigned accrued causes of action for health welfare benefits by patients, to pursue reimbursement claims, notwithstanding a statutory provision identifying only “participants, beneficiaries, fiduciaries, and the Secretary of Labor” as having standing. Id. at 1378 (citing 29 U.S.C. § 1132(a)); see Silvers, 402 F.3d at 892-93 (Berzon, J., dissenting). Derivative standing for the health care providers, we determined, was “consistent with Congressional intent.” Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1081 (9th Cir. 2000). We do not, however, allow “health care providers to whom the beneficiaries originally assigned their claims” to reassign claims; doing so would “allow third parties with no relationship to the beneficiary to acquire claims solely for the purpose of litigating them” and be “tantamount to transforming health benefit claims into a freely tradable commodity.” Id. Applying that logic to the assignability of a copyright claim in Silvers, I maintained that “the relevant inquiry is whether recognition of the assignment to Silvers is consistent with Congress’ overall intent in enacting the 1976 Copyright Act.” 402 F.3d at 893 (Berzon, J., dissenting). Based on the fact that Silvers had “a significant interest” in “how her work was used,” I would have concluded that assignment was, in that case, consistent with the congressional purpose. Id. at 893-94. In my view, DRK Photo, as the agency authorized to license photographs on behalf of the photographers, has a significant interest in the way the photographs it licenses are used that should be sufficient to confer standing. That interest arises not merely from the photographers’ grant of the right to sue, but from DRK Photo’s position as the licensing agent. The licenses in question were issued to McGraw-Hill by DRK, not by the individual photographers. And DRK negotiated with McGraw-Hill to determine the parameters of the permitted use, including the number of copies, geographic distribution area, language, and electronic use. Further, DRK received a portion of the royalties paid by McGraw-Hill. In contrast to patent law, the primary purpose of which is to encourage invention and innovation, the goal of the copyright system is to encourage the publication and dissemination of copyrighted works: “For the author seeking copyright protection, ... disclosure is the desired objective.” Eldred v. Ashcroft, 537 U.S. 186, 216, 123 S.Ct. 769, 154 L.Ed.2d 683 (2003). By serving as a licensing agent, DRK Photo promoted that objective of disclosure and so was not “a complete stranger,” Silvers, 402 F.3d at 891 (Berzon, J., dissenting), to the process of “creation and publication of free expression,” Eldred, 537 U.S. at 219, 123 S.Ct. 769. Under the pragmatic approach to the assignability of infringement claims that I continue to favor, I would find that DRK Photo could validly bring suit against McGraw-Hill. That approach would “remove what would otherwise be a significant practical disadvantage in seeking to protect a copyrighted work”: Given “the expenses of litigation” and “the burdens of coordination,” photographers may be reluctant “to bring suit individually, either in individual actions or in a single suit under Federal Rule of Civil Procedure 20.” Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997, 1005 (9th Cir. 2015). For now, however, Silvers’ prohibition on assignment of claims to any party other than the “legal or beneficial owner” controls. Because I concur with the main opinion’s determination that DRK Photo is not the legal or beneficial owner, I must conclude that DRK Photo lacks standing to bring these claims.