Dale Gary WILLS, Plaintiff–Appellant,

v.

Michael POMPEY, M.D.; et al., Defendants–Appellees.

Dale Gary Wills, Plaintiff–Appellant,

v.

Plummer, Sheriff of the County of Alameda; et al., Defendants–Appellees.

No. 99–16050, 99–16698.
D.C. No. CV–96–00214–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.[*]

Decided April 18, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

## MEMORANDUM **

In appeal No. 99–16050, Dale Gary Wills, a California state prisoner, appeals pro se from the district court's summary judgment for prison doctors in his civil rights action alleging that prison medical

staff were deliberately indifferent to his cystic acne and various injuries he sustained while housed as a pre-trial detainee. In appeal No. 99–16698, Wills appeals pro se from the district court's orders (1) dismissing, under 28 U.S.C. § 1915, Wills' medical indifference claim against Alameda County Sheriff's Department defendants, and (2) denying him leave to file a third amended complaint. We have jurisdiction over appeal No. 99–16050 pursuant to 28 U.S.C. § 1292 and over appeal No. 99–16698 pursuant to 28 U.S.C. § 1291.[1] We review de novo the district court's grant of summary judgment, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998), and order of dismissal, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm appeal Nos. 99–16050 and 99–16698.

Because disagreements involving alternative courses of treatment do not amount to a constitutional violation, the district court did not err by granting summary judgment for Dr. Pompey on Wills' deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).[2] Wills' contention that the county's budget constraints constituted deliberate indifference lacks merit because Dr. Pompey had other valid reasons for not prescribing Accutane. *Cf. Jones v. Johnson*, 781 F.2d 769, 771–72 (9th Cir.1986) (holding that pretrial detainee stated a cause of action for deliberate indifference where the record showed no explanation other than the budget concerns for denying medical treatment). Accordingly, we affirm appeal No. 99–16050.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The fact that Wills stipulated to dismissal of his action with prejudice does not deprive this court of jurisdiction over appeal No. 99–16698 because Wills reserved various issues

for appeal. *See Concha v. London*, 62 F.3d 1493, 1507–09 (9th Cir.1995).

2. Although pretrial detainees' rights are analyzed under the Fourteenth Amendment Due Process Clause, we apply the same standards relating to prisoners' rights under the Eighth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

■ With respect to appeal No. 99–16698, we conclude that the district court properly dismissed the county sheriff's department defendants from Wills' medical indifference claim because Wills failed to allege facts that those defendants were personally involved in his claim of deliberate indifference. *See Barren,* 152 F.3d at 1194 (holding that conclusory allegations that fail to show a defendant's personal involvement do not suffice to support a claim of deprivation of constitutional rights).

Furthermore, we conclude that the district court did not err by dismissing the county sheriff's department defendants without leave to amend because amendment would have been futile. *See Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (holding that district court should grant leave to amend where plaintiff can correct the defect).

Finally, the district court did not abuse its discretion by denying Wills' motion for leave to file a third amended complaint. *See Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1084 (9th Cir.), *amended by* 234 F.3d 428 (9th Cir.2000), *cert. denied,* 531 U.S. 1104, 121 S.Ct. 843, 148 L.Ed.2d 723 (2001).

Accordingly, we affirm appeal No. 99–16698.

We deny Wills' requests for attorney's fees and costs.

Appeal No. 99–16050 is AFFIRMED.

Appeal No. 99–16698 is AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Thompson's request for oral argument.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.