ACRO–TECH, INC., an Oregon Corp., Plaintiff,

and

Reggie D. Huff and Lisa G. Huff, Plaintiffs—Appellants,

v.

THE ROBERT JACKSON FAMILY TRUST; LB Land, Inc., an Oregon Corp.; JDH Services Inc., an Oregon Corp.; John D. Hallsworth, Jr.; Robert K. Jackson; Luann Jackson; and Roderick Boutin, Defendants—Appellees.

No. 02–35176.

D.C. No. CV–01–447–KI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Nov. 24, 2003.

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

748

David B. Adler, Esq., Seattle, WA, for Plaintiff.

Reggie D. Huff, pro se, Warren, OH, for Plaintiff–Appellant.

Lisa G. Huff, pro se, Warren, OH, for Plaintiff–Appellant.

Roderick A. Boutin, Esq., Oregon City, OR, S. Michael Rose, Esq., David K. Miller, Esq., Miller & Wagner, LLP, Portland, OR, William H. Stockton, Esq., Michael T. Stone, Brisbee & Stockton, LCC, Hillsboro, OR, for Defendant–Appellee.

Before ALDISERT,[**] GRABER, and GOULD, Circuit Judges.

## AMENDED MEMORANDUM [***]

Plaintiffs Reggie and Lisa Huff appeal the district court's denial of their motion to reconsider the dismissal of their state and federal RICO actions against Defendants. We review for abuse of discretion a district court's denial of a motion to reconsider an order granting summary judgment. *Sch. Dist. No. 1J, Multnomah County, Or. v. AC & S, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Id.* at 1263.

The first and third grounds are inapplicable in this case. We therefore consider only whether the district court committed clear error and whether its decision was manifestly unjust.

■ 1. The district court did not err in dismissing Plaintiffs' 18 U.S.C. § 1962(c) RICO and Oregon Revised Statute ("ORS") § 166.720(3) ORICO claims. Reviewing de novo, we agree with the district court's holding that Plaintiffs' Second Amended Complaint did not adequately plead "enterprise."

Plaintiffs alleged that Hallsworth and Robert Jackson made decisions together and worked cooperatively. This allegation is one of *conspiracy* –it does not satisfy the standard that an enterprise must, "[a]t minimum, . . . have some sort of structure . . . for the making of decisions and some mechanisms for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis." *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1083 (9th Cir.2000) (internal quotation marks omitted).

Plaintiffs' allegation that Boutin exercised control over the enterprise is also inadequate. Boutin was not a member of the alleged enterprise. Further, it is unclear how Boutin could have "exercised control" over the enterprise via "consultation and advice" to Jackson and Hallsworth, who themselves were alleged to have "exercised control."

■ Including two corporations in the enterprise does not per se satisfy the requirement that the enterprise be a separate entity apart from the pattern of racketeering activity in which it engages. *Chang v. Chen*, 80 F.3d 1293, 1300 (9th

---

[**] The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Cir.1996); *see also Simon,* 208 F.3d at 1083–84. In this case, Plaintiffs failed to allege either that a system of authority existed in a separate enterprise or that Defendants utilized a structure apart from the predicate acts to distribute the proceeds of the racketeering activity.

Oregon's RICO is modeled after the federal statute. Federal cases interpreting the federal statute are persuasive in interpreting the parallel Oregon provisions. *State v. Blossom,* 88 Or.App. 75, 744 P.2d 281, 283 (1987). ORS § 166.720(3) parallels § 1962(c). Because the district court correctly dismissed Plaintiffs' § 1962(c) claim, the court also correctly dismissed Plaintiffs' ORS § 166.720(3) claim.

■ 2. The district court did not err in dismissing Plaintiffs' 18 U.S.C. § 1962(b) RICO and ORS § 166.720(2) ORICO claims. The district court erred in its application of the "control" standard. *See Ikuno v. Yip,* 912 F.2d 306, 310 (9th Cir. 1990). Nevertheless, Plaintiffs failed to adequately allege that Defendants gained control of Acro–Tech through racketeering activity. We therefore affirm the dismissal on this ground supported by the record. *See Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 750 (9th Cir.2001).

Plaintiffs allege that Defendants gained control of Acro–Tech through three courses of conduct. First, Plaintiffs allege that Defendants exercised control over Acro–Tech as the owners of $50,000 in stock. However, as the district court noted, the stock purchase was legal, and therefore did not involve the acquiring of control through racketeering activity.

Second, Plaintiffs allege that Defendants sought to gain control of Acro–Tech as lessors on the lease for Acro–Tech's office space. Third, Plaintiffs allege that Defendants sought to gain control of Acro–Tech by hiring Hallsworth as accountant and bookkeeper. Defendants allege that the business lease and accounting services were induced by fraud and, thus, represent an attempt to gain control through racketeering activity. Plaintiffs' allegations of fraud, however, are general and do not provide the necessary particularity. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir.1999). Therefore, Plaintiffs failed to adequately allege that Defendants gained control of Acro–Tech through racketeering activity. For the same reasons, Plaintiffs failed to adequately plead an ORS § 166.720(2) claim, which tracks § 1962(b).

■ 3. The district court did not abuse its discretion when it denied Plaintiffs' leave to amend their § 1962(c) claim. In this case, two factors support the court's denial of leave to amend: futility of amendment and the fact that Plaintiffs previously amended the complaint. *See Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990). The district court noted that Plaintiffs' Second Amended Complaint (Corrected) was in fact the fourth complaint Plaintiffs filed in this action. Plaintiffs were represented by counsel when they filed their Second Amended Complaint, and that filing followed the district court's September 2001 order, which had explained in detail what needed to be pleaded.

4. The district court did not abuse its discretion in declining jurisdiction over Plaintiffs' remaining non-RICO state-law claims. 28 U.S.C. § 1367(c)(3).

■ 5. The district court did not abuse its discretion in its award of costs and fees to Defendants. Defendants were the prevailing party, and the district court therefore had the discretion to award fees under Federal Rule of Civil Procedure 54(d) and ORS § 166.725(14).

The district court awarded Defendants Hallsworth and JDH Services fees in the amount of $20,000; Defendant Boutin $15,000; and Defendants Luann and Robert K. Jackson, LB Land, and the Family Trust $20,000. In the light of the number of motions, orders, and amended complaints filed in this action, a total award of fees of $55,000 was reasonable.

6. Because the district court's orders granting summary judgment and attorneys' fees reached the correct outcome under the controlling law, the district court did not abuse its discretion when it denied Plaintiffs' motion for reconsideration.

AFFIRMED.