Timothy F. WADE, Plaintiff—
Appellant,

v.

CMS MEDICAL SERVICES, INC.;
et al., Defendants—Appellees.

No. 02–36088.

D.C. No. CV–00–00424–C–LMB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy F. Wade, pro se, Spokane, WA, for Plaintiff-Appellant.

Joshua S. Evett, John J. Burke, Hall, Farley, Oberrecht & Blanton, Boise, ID, for Defendants-Appellees.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM***

Timothy F. Wade appeals pro se the district court's summary judgment in favor of CMS Medical Services, Inc., and three of its employees ("defendants") in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the Idaho Correctional Institution—Orofino. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of leave to amend, *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.2000), and we review de novo the grant of summary judgment, *Sanchez v. Vild*, 891 F.2d 240, 241–42 (9th Cir.1989). We affirm.

■ The district court did not abuse its discretion when it denied Wade leave to file a second amended complaint because he had already amended his complaint once, his proposed second amended complaint would not cure the deficiencies of his previous complaint, and the addition of defendants who treated Wade at other times and in facilities in other parts of the state would cause prejudice and delay. *See Simon*, 208 F.3d at 1084 ("district court's discretion is particularly broad when the plaintiff previously has been granted leave to amend" and "key ques-

*** This disposition is not appropriate for publication and may not be cited to or by the

tion" is if amendment "could have saved" the complaint); *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.1999) (leave not granted if amendment "would cause prejudice to the opposing party … is futile, or creates undue delay.").

■ The district court properly granted summary judgment because Wade failed to raise a genuine issue of material fact as to whether the course of treatment he received was "medically unacceptable under the circumstances" or whether the defendants "chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

Wade's other contentions also lack merit.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.