**Petar MISIC, Plaintiff-Appellant,**

v.

**The BUILDING SERVICE EMPLOYEES HEALTH AND WELFARE TRUST, et al., Defendants-Appellees.**

No. 84–5618.

United States Court of Appeals, Ninth Circuit.

Argued April 5, 1985.

Submitted Sept. 11, 1985.

May 19, 1986.

George Baltaxe, Baltaxe, Rutkin, & Levin, Beverly Hills, Cal., for plaintiff-appellant.

Elizabeth Reifler, Philip M. Miller, Carroll, Burdick, & McDonough, San Francisco, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, CHAMBERS, Circuit Judge, and MAR-QUEZ *, District Judge.

PER CURIAM:

Dr. Petar Misic appeals the dismissal of his action against the Building Service Employees Health and Welfare Trust and its officers to recover damages resulting from the trust's failure to pay the full compensable portion of bills for dental work performed for the trust's beneficiaries by Dr. Misic. We affirm in part and reverse in part.

## I.

The trust is an employer-funded health and welfare benefit plan providing medical and dental benefits to qualified members of the Service Employees International Union. The plan provides the trust will reimburse beneficiaries for 80% of the cost of their dental care. Dr. Misic provided dental services to beneficiaries of the trust, who in return assigned Dr. Misic their rights of reimbursement from the trust. Dr. Misic billed the trust directly. The trust paid a portion of the amount billed, but less than the full 80%.

Dr. Misic sued the trust to recover the deficiencies in payment. Count I of the complaint alleged a contract claim under the Employees Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (1982), based on the beneficiaries' assignments. Counts II through VI alleged various state law tort claims, based on the trust's refusal to honor the arrangements made between Dr. Misic and the employees he treated. Count VII alleged the trust had engaged in unfair business practices in violation of Cal.Ins.Code § 790.03 (West 1985). The district court dismissed the complaint in its entirety with prejudice: count I on the ground that ERISA forbids assignment of plan benefits; counts II through VII because ERISA preempts state law actions that interfere with the operation of ERISA plans.

## II.

Although section 206(d) of ERISA, 29 U.S.C. § 1056(d),[1] prohibits assignment of pension benefits, the statute says nothing about the assignability of health and welfare benefits. We find no basis for holding section 1056(d) applicable to the type of assignment of health and welfare benefits involved in this case.

ERISA elaborately distinguishes between pension benefit plans and welfare benefit plans, see 29 U.S.C. §§ 1002(1), 1002(2)(A); and section 1056(d) refers only to pension plans. Moreover, section 1051 of Part 2, in which section 1056(d) is found, states: "This part shall apply to any employee benefit plan ... *other than—(1) an employee welfare benefit plan....*" (Emphasis added).

The absence of any reference in the statute to assignment of the right to reimbursement for welfare benefits is in striking contrast to the complex and extensive provision prohibiting assignment of pension benefits, obviously the product of careful consideration. The statute as a whole is "comprehensive and reticulated." *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980). In these circumstances, "[t]he assumption of inadvertent omission is rendered especially suspect." *Massachusetts Mutual Life Insurance Co. v. Russell*, —— U.S. ——, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985).

The purpose of the anti-assignment provision is "[t]o further ensure that the employee's accrued benefits are actually available for retirement purposes." H.R.Rep. No. 807, 93rd Cong., 2d Sess. 68 (1974),

---

* The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation.

1. 29 U.S.C. § 1056(d) provides:
 (1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

(2) For the purposes of paragraph (1) of this subsection, there shall not be taken into account any voluntary and revocable assignment of not to exceed 10 percent of any benefit payment, or of any irrevocable assignment or alienation of benefits executed before September 2, 1974.

*reprinted in* 1974 U.S.Code Cong. & Ad. News 4639, 4670, 4734, *and in* 2 Subcomm. on Labor of the Senate Comm. on Labor and Public Welfare, 94th Cong., 2d Sess., Legislative History of the Employee Retirement Income Security Act of 1974, at 3188 (1976) (hereafter *Legislative History*). Thus, the pension anti-assignment provision serves the general goal of ERISA: "to assure that individuals who have spent their careers in useful and socially productive work will have adequate incomes to meet their needs when they retire." *Id.* at 8, *reprinted in* 1974 U.S.Code Cong. & Ad.News 4670, 4676, *and in Legislative History, supra,* at 3128.

Neither the specific purpose of the anti-assignment provision nor the general goal of the statute would be served by prohibiting the type of assignments involved in this case—assignment to the person who provided the beneficiary with the health care of the beneficiaries' right to reimbursement for the cost of that care. Health and welfare benefit trust funds are designed to finance health care. Assignment of trust monies to health care providers results in precisely the benefit the trust is designed to provide and the statute is designed to protect. Such assignments also protect beneficiaries by making it unnecessary for health care providers to evaluate the solvency of patients before commencing medical treatment, and by eliminating the necessity for beneficiaries to pay potentially large medical bills and await compensation from the plan. Moreover, assignments permit a trust fund to obtain improved benefits for beneficiaries by bargaining with health care providers for better coverage and lower rates.

For these reasons we conclude ERISA does not forbid assignment by a beneficiary of his right to reimbursement under a health care plan to the health care provider.[2]

### III.

Both the trust and the Department of Labor argue Dr. Misic has no standing to sue under ERISA.

■ The Department regards Dr. Misic's claim as one for breach of contract afforded an assignee under state law, and argues that any such state remedy is preempted by ERISA section 514, 29 U.S.C. § 1144. We agree that a state law cause of action based on an assignment theory would be preempted by ERISA,[3] but this does not dispose of the question of Dr. Misic's standing to bring an action under ERISA as the assignee of beneficiaries. When federal law preempts state law, federal common law, as well as federal statutory law, is substituted for the preempted state law. *Sola Electric Co. v. Jefferson Electric Co.,* 317 U.S. 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942); *see also DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 158–63 & nn. 12–13, 103 S.Ct. 2281, 2287–90 & nn. 12–13, 76 L.Ed.2d 476 (1983); *see generally* 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4514 (1982).

■ The claim alleged in Count I is not based on state law. It asserts the cause of action given to beneficiaries of a plan by section 1132(a)(1)(B) to recover benefits due the beneficiaries under the terms of the plan. We have already held that under federal law the beneficiaries' claim for re-

---

2. "[T]he *amicus curiae* position of an agency charged with the principal enforcement of an act should be carefully considered," *Operating Engineers' Local #428 Pension Trust Fund v. Zamborsky,* 650 F.2d 196, 200 (9th Cir.1981), and the Department of Labor, which filed a brief as amicus at the request of the court, supports this interpretation of the statute.

Our decision in *Franchise Tax Board v. Construction Laborers' Vacation Trust,* 679 F.2d 1307 (9th Cir.1982), *vacated,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), does not re-

quire a different result. Because the Supreme Court vacated our decision for lack of subject matter jurisdiction, it is not binding precedent. Moreover, our extension there of the anti-assignment provision to funds intended for vacation benefits was based on the policy we hold has no application here: trust funds designed to provide accumulated money to a worker for future beneficial use may not be dissipated by alienation for other purposes.

3. *See infra* at 1379.

imbursement may be assigned to the health service provider. The remaining question is whether, under federal common law, the assignee of beneficiaries has standing to sue under ERISA.

ERISA provides civil actions may be brought under the statute by participants, beneficiaries, fiduciaries, and the Secretary of Labor. 29 U.S.C. § 1132(a). The trust and the Department contend that only the parties named in section 1132 have standing to sue under ERISA, and assignees are not named. The trust also contends Dr. Misic lacks standing under the three-part test for implied statutory standing outlined in *Fentron Industries, Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1304 (9th Cir.1982).

These arguments mistakenly treat Dr. Misic as a suitor in his own right. Dr. Misic sues derivatively, as assignee of beneficiaries. As paragraph 12 of the complaint alleges, Dr. Misic "stands in the shoes of the [b]eneficiaries;" and Dr. Misic's assignors, beneficiaries under the Act, are expressly authorized by section 1132(a)(1)(B) to sue to recover benefits due under a plan.

Many cases reflect the premise that a valid assignment confers upon the assignee standing to sue in place of the assignor. *See, e.g., United States Fidelity & Guaranty Co. v. Bartlett,* 231 U.S. 237, 243, 34 S.Ct. 88, 90, 58 L.Ed. 200 (1913) (assignee of claimant under federal construction contractors' performance bond has standing to sue); *Title Guaranty & Trust Co. v. Crane Co.,* 219 U.S. 24, 29, 34, 31 S.Ct. 140, 142, 55 L.Ed. 72 (1910) (same); *Klamath-Lake Pharmaceutical Association v. Kla-*

*math Medical Service Bureau,* 701 F.2d 1276, 1282–83 (9th Cir.1983) (as amended) (valid assignment under antitrust laws confers standing on assignee); *Martin v. Morgan Drive Away, Inc.,* 665 F.2d 598, 602 (5th Cir.1982) (same); *United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 326–27 (5th Cir.1981) (valid assignment gives assignee standing under forfeiture laws); *Nissho-Iwai Co. v. M/T Stolt Lion,* 617 F.2d 907, 912 (2d Cir.1980) (valid assignment under Carriage of Goods by the Sea Act confers standing on assignee); *see generally* L. Fuller & M. Eisenberg, Basic Contract Law 794–801 (4th ed. 1981).[4]

In *United States v. Carter,* 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957), trustees of a benefit fund were held to have standing to sue the surety on the bond of a government construction contractor under the Miller Act, 40 U.S.C. § 270a (1982). The court based its decision by analogy upon the right of an assignee to sue.

The Court cited the relevant provision of the Miller Act, which, like section 1132(a) of ERISA, explicitly limits the parties who may sue:

> Section 2(a), which is at issue here, provides that "Every person *who has furnished labor or material* in the prosecution of the work provided for in such contract ... and who has not been *paid in full* therefor ... shall have the right to sue on such payment bond ... for the sum or sums *justly due him....*" (Emphasis supplied.) 49 Stat 794, 40 U.S.C. § 270b(a).

*Carter,* 353 U.S. at 215, 77 S.Ct. at 796. In *Carter,*

---

**4.** In *Northeast Department ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147 (3d Cir.1985), the court stated in a footnote that an assignor does not have standing under ERISA. *Id.* at 154 n. 6. The statement was *dicta* since the beneficiary "did not, in fact, make an assignment of her claim...." *Id.* Moreover, the court based its conclusion on *McSparran v. Weist,* 402 F.2d 867 (3d Cir.1968), a case holding that diversity jurisdiction cannot be manufactured by assignment. This case, and others like it, are based on the familiar principle that an assignment cannot

create rights in the assignee not held by the assignor. This is not inconsistent with the equally familiar principle that the assignee stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed. Additionally, we note that in at least one case, assignees of persons statutorily permitted to sue under ERISA have themselves been permitted to sue under ERISA. *See Northwest Administrators, Inc. v. Con Iverson Trucking, Inc.,* 749 F.2d 1338, 1339 (9th Cir.1984) (assignee of trust funds permitted to sue under ERISA).

[t]he Court of Appeals affirmed, holding that the trustees had no right to sue on the bond under § 2(a) of the Act, since they were neither persons who had furnished labor or material, nor were they seeking sums "justly due" such persons. *Id.* The Court then stated and rejected the argument made by the Department and trust in this case:

> The surety also argues that the trustees are not entitled to recover the promised contributions under § 2(a) of the Miller Act, since they are neither persons who have furnished labor or material, nor are they seeking "sums justly due" to persons who have furnished labor or material. An answer to this contention is found in cases arising under the Heard Act involving suits by assignees of the claims of persons furnishing labor or material. Such assignees were not the persons who had furnished the labor or material for which the claims were made. They did not seek "sums justly due" to persons who had themselves furnished labor or material, since the assignments had extinguished the right which those persons had to the performance of the contractors' obligation. Yet these cases established that assignees of the claims of persons furnishing labor or material came within the protection of the statutory bond. It was pointed out that a denial of an assignee's right to sue on the bond might deprive those for whom the security was intended of a fair chance to realize upon their claims by assignment....
>
> If the assignee of an employee can sue on the bond, the trustees of the employees' fund should be able to do so. ... The trustees stand in the shoes of the employees and are entitled to enforce their rights.

*Id.* at 218–20, 77 S.Ct. at 797–98 (footnotes omitted).

We conclude Dr. Misic, as assignee of beneficiaries pursuant to assignments valid under ERISA, has standing to assert the claims of his assignors.[5]

## IV.

■ Dr. Misic conceded his state law claims would be barred by preemption under Ninth Circuit law as reflected in *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504–06 (9th Cir.1985), and *Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 487–88 (9th Cir.1983), unless the rule adopted by this circuit was modified by the Supreme Court in *Russell*, in which *certiorari* had been granted. The Supreme Court reversed this court, but on other grounds, expressly noting that the preemption issue was not before it. *See Russell*, 105 S.Ct. at 3088 n. 4. The law of this circuit on this issue is therefore unchanged, and we affirm dismissal of Counts II–VII of the complaint as preempted by Section 1144(a) of ERISA.

Dr. Misic argues the district court erred in striking his demand for a jury trial. However, the court's order of January 5, 1984, in which this provision appeared, was superseded by the final order dismissing the action, filed January 23, 1984. There is no reference to the jury demand in the order of January 23, 1984. The jury trial question therefore remains undecided below.

■ We deny the requests for attorneys' fees on appeal. Without deciding whether an assignee of a beneficiary is entitled to such an award under ERISA, 29 U.S.C. § 1132(g), we decline to award fees because the questions of assignability and standing are novel, and each side acted in good faith. *See Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir.1983).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

5. Of course, the trust will be able to assert against appellant whatever defenses it possessed against the assignors. *See* J. Calamari & J.

Perillo, The Law of Contracts § 18–16 at 650 (2d ed. 1977).