**CENTURY PLANNERS, LTD., Plaintiff,**

v.

**TEAMSTERS & EMPLOYERS WELFARE TRUST OF ILLINOIS, Defendant.**

No. 89–0666C(6).

United States District Court,
E.D. Missouri, E.D.

Aug. 23, 1989.

John Kilo, Dan Kazanas, Klutho, Cody, Kilo, Flynn, Billingsley & Trame, St. Louis, Mo., for plaintiff.

Michael William O'Hara, William Cavanagh, Jr., Cavanagh & O'Hara, Springfield, Ill., for defendant.

## MEMORANDUM

GUNN, District Judge.

This case is currently before the Court on defendant's motion to dismiss. For the reasons set forth below, the Court grants the motion.

Plaintiff Century Planners, Ltd. ("CPL") brings this two count action against Teamsters & Employers Welfare Trust of Illinois ("the Trust") alleging breach of contract and, in the alternative, quantum meruit. As a basis for federal jurisdiction plaintiff alleges the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") § 502, 29 U.S.C. § 1132.

CPL is a Missouri corporation with its principal place of business in Missouri. The Trust is a "duly organized self-insured health plan" the chairman of which maintains his office and principal place of business in Illinois. CPL and the Trust entered into an Administrative Service Agreement whereby CPL administered certain employ-

ee insurance claims for the Trust. CPL asserts that the Trust owes CPL a total of $12,297.43 for medical and dental claims paid.

The Trust argues that CPL does not have standing to sue under 29 U.S.C. § 1132 because it is not one of the entities listed therein.[1] In response, CPL argues that it is in a fiduciary relationship[2] with the Trust and therefore § 1132(a)(3) empowers it to bring suit.[3] This argument is without worth.

The issue of standing under ERISA appears to be one of first impression for the Eighth Circuit. Those circuits which have addressed the issue are divided as to whether the list of parties who may sue in § 1132 (beneficiaries, participants, fiduciaries, and the Secretary) is an exclusive grant of jurisdiction, *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 187–89 (5th Cir.1988) (citing cases) with the majority holding that Congress intended the § 1132 list to be exclusive. This Court finds the reasoning of the majority to be persuasive and therefore adopts that view.

Courts have permitted parties not specifically listed in § 1132 to bring suit under ERISA, either because one of the listed entities had assigned its cause of action or benefits to the plaintiff, *Mutual Life Ins. Co. v. Yampol*, 840 F.2d 421 (7th Cir.1988); *Misic v. Building Service Employees Health*, 789 F.2d 1374 (9th Cir.1986), or because the plaintiff arguably fell within the statutory definition of "beneficiary," "participant," or "fiduciary," *Peoria Union Stock Yards Co. v. Penn Mut. Life Ins.*, 698 F.2d 320 (7th Cir.1983). The facts

---

1. ERISA's civil enforcement section provides in pertinent part:

   (a) Persons empowered to bring a civil action
   A civil action may be brought—
   (1) by a participant or beneficiary—
   (A) for the relief provided for in subsection (c) of this section, or
   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
   (4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;
   (5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or
   (6) by the Secretary to collect any civil penalty under subsection (i) of this section.
   29 U.S.C. § 1132(a).

2. "Fiduciary" is defined as follows:

   (21)(A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.
   (B) If any money or other property of an employee benefit plan is invested in securities issued by an investment company registered under the Investment Company Act of 1940 [15 U.S.C.A. § 80a–1 et seq.], such investment shall not by itself cause such investment company or such investment company's investment adviser or principal underwriter to be deemed to be a fiduciary or a party in interest as those terms are defined in this subchapter, except insofar as such investment company or its investment adviser or principal underwriter acts in connection with an employee benefit plan covering employees of the investment company, the investment adviser, or its principal underwriter. Nothing contained in this subparagraph shall limit the duties imposed on such investment company, investment adviser, or principal underwriter by any other law.
   29 U.S.C. § 1002(21).

3. Section 1132(a)(3) provides:

   (a) ... A civil action may be brought—
   (3) by a participant, beneficiary, or fiduciary (A) *to enjoin* any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate *equitable* relief....
   29 U.S.C. § 1132 (emphasis added).

of this case do not present an opportunity to exploit these exceptions to § 1132's exclusive grant of standing. CPL does not allege any sort of assignment, nor does it purport to have handled any of the Trust's funds (a necessary element of a finding of fiduciary status, *Peoria Union*, 698 F.2d at 327). Rather, CPL merely administered insurance claims which, standing alone, does not fall within the ERISA description of "fiduciary." More importantly, even if CPL were a "fiduciary" within the ERISA definition, the plain language of § 1132(a)(3) does not permit a fiduciary's recovery of damages. *See also Connors v. Amax Coal Co.*, 858 F.2d 1226, 1229 N. 4 (7th Cir.1988).

For the foregoing reasons, the Court finds that CPL does not have standing to bring this case under ERISA. Neither its complaint, nor its brief in opposition to the Trust's motion to dismiss, cites sufficient facts to support requisite statutory diversity jurisdiction.

The Court will permit CPL ten (10) days to amend its complaint to allege jurisdiction, pursuant to 28 U.S.C. § 1332, in accordance with the accompanying order.

### ORDER

IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's complaint be and it is granted.

IT IS FURTHER ORDERED that plaintiff's request for leave to amend be and it is granted. Plaintiff may have ten (10) days from this date to file an amended complaint.

IT IS FURTHER ORDERED that defendant's motion for attorney's fees pursuant to Rule 11 be and it is denied.