[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff is seeking to recover for medical services rendered to Curtis Arps, minor son of William Arps, in the amount of $95,654.55. The complaint alleges that Blue Cross Blue Shield of New Hampshire (BCBS) issued a medical insurance plan to Dartmouth College, William Arps' employer. William Arps was an eligible participant in the plan at the time the services were rendered by the plaintiff.
BCBS denied the claim for benefits because the benefits sought were not covered under the terms of the plan. The plaintiff further alleges that on March 2, 1990, William and Joanne Arps assigned any claim they had against BCBS to the plaintiff.
The defendant has moved for summary judgment on the grounds that the plan expressly provides that plan benefits may not be assigned. The plan states that benefits are "personal" to an eligible participant or beneficiary and "may not be assigned to any other person," Plan, at 37. It further provides that BCBS has the option of refusing to accept any assignment presented by any provider. Id.
Although the plan provides that BCBS will pay benefits directly to a "Participating Physician," benefits for services by CT Page 8850 a "Non-participating Physician" are paid to the participant and benefits "are not assignable in whole or in part to any Non-participating Physicians." Id., at 38.
A participating provider is a health care provider with whom BCBS has entered into an agreement in which the participating provider agrees to accept set payments for medical services as provided under the plan as payment in full. In exchange, participating providers are paid directly by BCBS. Benefits for services rendered by non-participatory providers are paid to the BCBS subscriber, not the provider. The plaintiff is not a participatory provider.
The defendant has moved for summary judgment on the grounds that the assignment of benefits to the plaintiff is invalid as a matter of law. The plaintiff claims that the provisions of the BCBS plan which prohibit assignment of benefits are in conflict with the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. (ERISA) and are not enforceable.
In this case the plain language of the employee welfare benefit plan prohibits assignment of benefits to non-participating providers. The purpose of the assignment prohibition is to create incentives for health care providers to become participating providers. BCBS uses the participating provider program as a way of providing discounted rates to the subscribers and thereby containing health care cost increases. This cost containment is achieved because participating providers agree to a set schedule of payments for medical services rendered to plan participants. Without the non-assignment provision, BCBS would lose an effective method of encouraging providers to become participating providers. Permitting non-participating health care providers to circumvent this incentive mechanism by obtaining assignments of benefits from plan participants would undermine BCBS's efforts to control health care costs.
The plan involved in the present case is an employee welfare benefit plan within the meaning of ERISA. Section 206(d) of ERISA, 29 U.S.C. § 1056(d) prohibits assignment of pension benefits. The purpose of the anti-assignment provision is "[t]o further ensure that the employee's accrued benefits are actually available for retirement purposes." H.R. Rep. No. 807, 93rd Cong., 2d Sess. 68 (1974). However, ERISA is silent about the assignability of health and welfare benefits. While it has been held that ERISA does not prohibit assignment of health and welfare benefits, Misic v. Building Service Employees Health and Welfare Trust, 789 F.2d 1374 (9th Cir. 1986), it has also been held that ERISA's silence with respect to assignment of health and welfare benefits "does not suggest an affirmative policy favoring CT Page 8851 assignments so strong as to invalidate otherwise valid anti-assignment clauses." Washington Hospital Center Corp. v. Group Hospitalization Medical Services, 758 F. Sup. 750, 752-53 n. 2 (D.D.C. 1991).
Several courts have enforced provisions prohibiting the assignment of health benefits. Washington Hospital Center Corp. v. Group Hospitalization Medical Services, supra, at 754-55; Parish v. Rocky Mountain Hospital Medical Services Co., 754 P.2d 1180
(Colo.Ct.App. 1980); Obstetricians-Gynecologists, P.C., v. Blue Cross Blue Shield of Nebraska, 219 Neb. 199, 361 N.W.2d 550
(1985); Kent General Hospital Inc. v. Blue Cross Blue Shield of Delaware, Inc., 442 A.2d 1368 (Del. 1982); Augusta Medical Complex Inc. v. Blue Cross of Kansas, 634 P.2d 1123 (Kan. 1981).
In each of the foregoing cases, the court held that. non-assignment provision in a health benefit plan was enforceable. Those courts found that the non-assignment provision was an important cost-containment mechanism in that it served as an incentive for health care providers to accept a set schedule for payments for services. Washington Hospital Center Corp., supra, at 754; Rocky Mountain Hospital, supra, at 1182; Obstetricians-Gynecologists, supra at 555-56; Kent General Hospital, supra at 1371-72; Augusta Medical Complex, supra at 1126-27.
The plaintiff claims that on July 31, 1987 an employee of BCBS represented to it that the Arps' health care benefits were assignable to the plaintiff. The plaintiff further claims that it relied on that representation on March 2, 1990 in settling its claim against the Arps and in accepting assignment from the Arps. However, it has made no allegation of reliance in its complaint or reply to the defendant's special defense. It has also provided no authority to support its claim, which appears to be that its reliance on the aforementioned representation can serve to estop the defendant from enforcing the non-assignment provisions in its health care plan. Thus, although the plaintiff now raises a disputed issue of fact, such issue is not material to its complaint. The motion for summary judgment is granted.
BY THE COURT, AURIGEMMA, J.