**Laurence A. REICH, in his role as a licensed California Physician, and as Assignee of his patient, Plaintiff–Appellant,**

v.

**TELETECH HOLDINGS, INC., in its role as an Erisa Plan Administrator; et al., Defendants–Appellees.**

**No. 02–55026.**
**D.C. No. CV–01–04261–CBM.**

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM**

Dr. Laurence A. Reich appeals pro se the summary judgment in favor of an Employee Retirement Income Security Act ("ERISA") plan and its administrator in his action seeking payment for medical services rendered to a plan participant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the summary judgment, *Nord v. The Black & Decker Disability Plan*, 296 F.3d 823, 827 (9th Cir.2002), and we reverse and remand.

Health care providers who have been assigned a patient's claim for benefits have standing to bring actions under ERISA for reimbursement for medical services. *See Misic v. Building Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1377–79 (9th Cir.1986). We disagree with the district court's conclusion that Reich failed to provide sufficient evidence to establish a genuine issue of material fact whether he was a health care provider entitled to standing under *Misic*. *See Misic*, 789 F.2d at 1377–79. Accordingly, we reverse the summary judgment and remand for further proceedings.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Appellants' motion filed May 21, 2002, is denied as moot.

**REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny appellant's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.