**UNPUDLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1402**

LINDA BROWN; BETH ABERNATHY,

            Plaintiffs,

      v.

SIKORA AND ASSOCIATES, INCORPORATED,

            Defendant and Third Party Plaintiff – Appellant,

      and

FIDELITY GROUP, INC.,

            Defendant,

      v.

BOB W. STOREY,

            Third Party Defendant – Appellee,

      and

STEVEN E. EDWARDS; MICHAEL SAMUELSON; DON YOST,

            Third Party Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:04-cv-00579-HFF)

Argued:  March 18, 2008          Decided:  April 16, 2008

Before WILKINSON and MOTZ, Circuit Judges, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Brian David Black, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Greenville, South Carolina, for Appellant. William Alexander Coates, ROE, CASSIDY, COATES & PRICE, P.A., Greenville, South Carolina, for Appellee. **ON BRIEF:** Michael M. Shetterly, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Greenville, South Carolina; Mark A. Cullen, THE CULLEN LAW FIRM, P.A., West Palm Beach, Florida, for Appellant. Ella S. Barbery, ROE, CASSIDY, COATES & PRICE, P.A., Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

When their health insurance provider, Fidelity Group, Inc. ("Fidelity"), failed to compensate Linda Brown and Beth Abernathy for medical costs, they brought ERISA claims against both Fidelity and their employer, Sikora and Associates, Inc. ("Sikora"), for breach of fiduciary duty. Sikora, in turn, brought a variety of third-party claims under state law against Bob Storey, who Sikora alleged was the alter ego of Fidelity. In its amended complaint, Sikora asserted ERISA as the basis of federal jurisdiction under 28 U.S.C. § 1331 (2000) and claimed supplemental jurisdiction for its state-law claims. The district court granted summary judgment to Storey, finding that Sikora lacked standing to bring an action against him under ERISA. The court also declined to exercise supplemental jurisdiction over the state law claims, which it dismissed without prejudice. Sikora appeals. We affirm.

I.

In 1999, Sikora secured group health insurance for its employees from Magna Corporation. At that time, Bob Storey ran Magna; in 2000, he incorporated the Fidelity Group and converted the Sikora's ERISA plan from the Magna Plan to the Fidelity Group Plan. In May 2000, Sikora employees began complaining that Fidelity was failing to pay health care claims; by August 2000, all benefit payments ceased. On March 26, 2001, Fidelity formally

3

notified Sikora that the plan was terminated effective March 16, 2001. Sikora immediately secured another insurance provider.

On February 25, 2004, two Sikora employees, Brown and Abernathy, filed an ERISA action against Fidelity and Sikora, seeking benefits due under their ERISA group health plan. Sikora filed an answer, cross-claim, and third-party complaint, pleading diversity jurisdiction as the basis for third-party claims against Storey and others for failure to pay benefits, breach of obligations to Sikora, fraud, and negligent misrepresentation under state law. Storey moved to dismiss Sikora's complaint for lack of personal jurisdiction as well as improper joinder of parties under Rule 14. The district court denied Storey's motion for lack of personal jurisdiction, but granted the Rule 14 motion, permitting Sikora leave to amend its complaint.

Sikora then filed an amended answer and cross-claim, eliminating reliance on diversity jurisdiction and asserting ERISA as the basis for federal jurisdiction. Shortly thereafter, Brown and Abernathy settled their claims with Sikora and named Sikora as assignee for their ERISA benefits. After completing discovery, Storey moved for summary judgment. The district court granted Storey's motion, reasoning that Sikora lacked standing to bring the ERISA claim. The court then declined to exercise supplemental jurisdiction over Sikora's state law claims, which it dismissed without prejudice.

4

Only "participants," "beneficiaries," or "fiduciaries" may bring civil actions under ERISA. 29 U.S.C. § 1132(a) (2000); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 21 (1983) (noting that "[t]he express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties . . . as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes"). Sikora contends that the district court erred in finding that it lacked standing to assert its claims under ERISA. Sikora asserts standing under ERISA on two independent grounds. First, Sikora argues that, as the assignee of Brown and Abernathy, it stands in their shoes as participant and beneficiary of the ERISA plan, thereby possessing derivative standing. Second, Sikora alleges that it assumed the responsibility of a fiduciary under the ERISA plan and therefore can bring claims pursuant to § 1132(a). We briefly discuss each argument in turn.

A.

Although we have never addressed the question of derivative standing for ERISA benefits, our sister circuits have consistently recognized such standing when based on the valid assignment of ERISA health and welfare benefits by participants and beneficiaries. See City of Hope Nat. Med. Ctr. v. Healthplus, Inc., 156 F.3d 223 (1st Cir. 1998); I.V. Servs. of America, Inc. v.

Trustees of the American Consulting Engineers Council Ins. Trust Fund, 136 F.3d 113 (2d Cir. 1998); Cagle v. Bruner, 112 F.3d 1510 (11th Cir. 1997); Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan, 25 F.3d 616 (8th Cir. 1994); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991); Kennedy v. Conn. Gen. Life Ins. Co., 924 F.2d 698 (7th Cir. 1991); Hermann Hosp. v. MEBA Medic. & Benefits Plan, 845 F.2d 1286 (5th Cir. 1988); Misic v. Building Serv. Employees Health & Welfare Trust, 789 F.2d 1374 (9th Cir. 1986).

These cases represent a careful balance of competing concerns, in part grounded on the recognition that extending derivative standing to health care providers serves to further the explicit purpose of ERISA in a number of distinct ways. See, e.g., Misic, 789 F.2d at 1377 (noting that extending derivative standing to health care providers "results in precisely the benefit the trust is designed to provide and the statute is designed to protect," while also "making it unnecessary for health care providers to evaluate the solvency of patients before commencing medical treatment" or forcing patients to "pay potentially large medical bills and await compensation from the plan").

The district court seemed to believe that courts have permitted "assignment of benefits under ERISA only where the claimant is a health care provider" (emphasis added). In fact, entities other than healthcare providers have been permitted

6

derivative standing as ERISA assignees.  See Tango Transp. v. Healthcare Fin. Servs., 322 F.3d 888, 893-94 (5th Cir. 2003) (holding that a collection agency possessed derivative standing as an assignee of a healthcare provider, who itself possessed derivative standing as an assignee of the beneficiary of the ERISA plan); Yampol v. Mut. Life Ins. Co. of N.Y., 840 F.2d 421, 427 (7th Cir. 1988) (holding that an insurance company possessed derivative standing as an assignee of a fiduciary of a trust to sue under 29 U.S.C. § 1132(a)(2)).  These cases too, however, reflect a careful consideration of the particular facts presented.

Thus, it may be that in the proper case assignees other than health care providers have derivative standing under ERISA.  We need not here resolve that question, because this is clearly not such a case.  When assignees of ERISA benefits have been found to have derivative standing, they could have sued the actual ERISA participants, who would then have clearly had standing to sue for the unpaid ERISA benefits.  Thus permitting derivative standing in these cases would further the purposes of ERISA "to protect the interests of participants in employee benefit plans and their beneficiaries."  Marks v. Watters, 322 F.3d 316, 322 (4th Cir. 2003).  In the case at hand, Sikora could never have sued the actual participants Brown and Abernathy to recover their ERISA benefits; thus, allowing Sikora derivative standing does nothing to further the purposes of the statute because it offers no benefits

7

for the ERISA participants.  Moreover, examination of Sikora's amended complaint makes clear that, unlike the typical party permitted derivative standing, Sikora has claimed derivative standing not out of any concern with the participants' unpaid ERISA benefits, but in order to obtain federal subject matter jurisdiction over Sikora's independent state-law claims against Storey.  In its amended complaint, Sikora seeks a declaration that Storey is the alter ego of Fidelity and thus "personally liable for the acts and omissions of Fidelity," particularly a $3,733,693.41 default judgment entered in favor of Sikora against Fidelity in a related ERISA suit.  Without expressing any opinion regarding the validity of these claims, we do not believe that they should be smuggled into federal court under the jurisdictional guise of Brown and Abernathy's assignment of ERISA benefits.

B.

In the alternative, Sikora argues that it possesses standing for its ERISA claims as a fiduciary under the ERISA plan.  But, as the district court correctly noted, Sikora repeatedly asserted in its pleadings that it was <u>not</u> a fiduciary of the plan.  "The general rule is that 'a party is bound by the admissions of his pleadings.'"  <u>Lucas v. Burnley</u>, 879 F.2d 1240, 1242 (4th Cir. 1989) (quoting <u>Best Canvas Prods. & Supplies v. Ploof Truck Lines</u>, 713 F.2d 618, 621 (11th Cir. 1983)).  Sikora presents no compelling

8

legal argument why this rule should now be abandoned, and we decline to do so.

## III.

Having found that Sikora lacked standing for its ERISA claims, the district court declined to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c) (2000). Sikora contends that in this ruling the district court abused its discretion, because Sikora had pled the facts necessary to establish diversity jurisdiction in its original complaint. Sikora also argues that the court should have permitted it to remedy any jurisdictional defects pursuant to 28 U.S.C. § 1652 (2000), which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Sikora's arguments are unpersuasive. Sikora is certainly correct that § 1652 empowers a court to permit a party to remedy jurisdictional defects, but such corrections occur at the discretion of the court. Although Sikora did plead the required elements of diversity jurisdiction in its original complaint, in its amended complaint, Sikora eliminated this jurisdictional basis, instead asserting ERISA and supplemental jurisdiction. "As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re

9

Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)).  The district court thus did not abuse its discretion in declining to exercise supplemental jurisdiction over Sikora's state-law claims.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.