

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation, | No. 09-56616 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01011-SVW-AJW |
| v. | |
| B. BRAUN MEDICAL, INC., a corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation, | No. 09-56626 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03060-SVW-MAN |
| v. | |
| RUDOLPH FOODS COMPANY, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 16, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Laurence Riech and Eden Surgical Center (collectively "Eden") appeal the dismissal for lack of subject matter jurisdiction of their action to collect statutory penalties from B. Braun Medical, Inc. and Rudolph Foods Co., Inc. for failing to disclose documents under 29 U.S.C. § 1132(c).  We affirm.

It is well-established that ERISA plan participants and beneficiaries may assign their rights to their health care provider.  *Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378–79 (9th Cir. 1986).  As an assignee, the provider has standing "to assert the claims of his assignors."  *Id.* at 1379.  A Plan may also prohibit the assignment of rights and benefits.  *Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476 (9th Cir. 1991).  Both the Braun and Rudolph Plans prohibit the assignment of benefits.  Thus, the question is whether the plan participants assigned Eden the right to sue for statutory penalties, independent from a claim for benefits.

Eden's assignment purports to include the right to sue for statutory penalties under § 1132(c), as well as the right to seek attorney's fees.  Eden's assignment is

effective during "any legal process, necessary to collect claims submitted on [the participant's] behalf for health insurance benefits, but denied by [the] plan." Eden's assignment grants personal standing under ERISA for "judicial review of denied claims."

This is not a suit seeking "judicial review of denied claims," and the claim for relief is not asserted during any "legal process, necessary to collect claims submitted on [the participant's behalf] for health insurance benefits, but denied by [the] plan." Accordingly, assuming (without deciding) that the right to bring claims under § 1132(c) is free-standing and may be assigned, Eden's assignment to seek such relief is not effective under the terms of the assignment itself because it is not pursued during a process "necessary to collect claims." This means that Eden lacks derivative standing to sue and the district court lacked jurisdiction. *See Harris v. Provident Life and Account Ins. Co.*, 26 F.3d 930, 933 (9th Cir. 1994) (an ERISA civil action must be brought by a participant, beneficiary, fiduciary, or the Secretary of Labor).

AFFIRMED.

*Eden Surgical Center v. B. Braun Medical, Inc.*, No. 09-56616, and *Eden Surgical Center v. Rudolph Foods Company, Inc.*, No. 09-56626

BYBEE, Circuit Judge, dissenting:

This case turns on a matter of contract interpretation. Unlike the majority, I would find that the assignment language at issue allows Eden Surgical Center ("Eden") the right to seek penalties under 29 U.S.C. § 1132(c) and would reverse the district court's decision on that basis. For this reason, I respectfully dissent.

The assignments at issue in these cases expressly assign Eden the right to "assert ALL causes of action for judicial review" on behalf of the assignors. The comprehensive scope of the assignment is further underscored by language providing that Eden may "Stand in [the] shoes" of the assignors, "as that phrase is understood under assignment law." Under California law, when an assignee "stands in the shoes" of the assignor, he takes "all the rights of the assignor" and has exclusive rights to sue on the assigned claims. *Johnson v. County of Fresno*, 111 Cal App. 4th 1087, 1096 (Cal. App. 2003).

This broad assignment language would itself be sufficient to convey to Eden the assignors' rights to seek penalties under 29 U.S.C. § 1132(c) and attorney's

fees under 29 U.S.C. § 1132(g),[1] but in an apparent effort to be unmistakably clear,

the assignments here also specifically convey the right to assert causes of action

under 29 U.S.C. § 1132(c): "My assignment also includes an assignment of my

rights to seek relief as a 'claimaint', under § 1132(c) {"Any information" request},

and my rights to seek attorney fees under § 1132(g)." The assignment could hardly

be more explicit: Eden has the right to bring civil actions for the relief allowed the

assignors' under 29 U.S.C. § 1132(c) and (g).

The majority essentially ignores both the broad and express assignment

language and holds that language in a section entitled "Appointment of

Representative" deprives Eden of standing. That section, which specifies that

Eden is the appointed representative and assignee, also includes the following

language: "This appointment and assignment is effective during any: (1)

Administrative claims process; (2) any Appeal or Review process for a denied

claim; or (3) any legal process, necessary to collect claims submitted on my behalf

for health insurance benefits, but denied by my plan." I disagree with the majority

---

[1] Under *Misic v. Building Service Health*, 789 F.2d 1374 (9th Cir. 1986), and as explained by the district court, I believe the rights under 29 U.S.C. § 1132(a)(1)(A) are assignable. Therefore, ERISA participants and beneficiaries may assign their rights to seek information, pursue civil penalties for an administrator's failure to supply requested information, and seek associated attorney's fees.

that this language precludes Eden's ability to seek action here.

I read 29 U.S.C. § 1132(c) as being part of either "any Appeal or Review process" or "any legal process, necessary to collect claims submitted on my behalf for insurance benefits, but denied by my plan." The rights to seek disclosure of information under ERISA and to sue for an administrator's failure to disclose are part of the legal process by which ERISA plan participants appeal their denied benefits claims. Those rights are fundamental to participants' ability to exercise their 29 U.S.C. § 1132(a)(1)(B) rights to recover, enforce, or clarify plan benefits. For this reason, I do not read Eden's assignment "effective during" language as precluding Eden's ability to bring a 29 U.S.C. § 1132(a)(1)(A) action independent of a § 1132(a)(1)(B) action.

By the terms of the assignment itself, Eden has standing, and I would reverse. I respectfully dissent.