MEMORANDUM *
Laurence Riech and Eden Surgical Center (collectively “Eden”) appeal the dis *697 missal for lack of subject matter jurisdiction of their action to collect statutory-penalties from B. Braun Medical, Inc. and Rudolph Foods Co., Inc. for failing to disclose documents under 29 U.S.C. § 1132(c). We affirm.
It is well-established that ERISA plan participants and beneficiaries may assign their rights to their health care provider. Misic v. Bldg. Serv. Employees Health & Welfare Trust, 789 F.2d 1374, 1378-79 (9th Cir.1986). As an assignee, the provider has standing “to assert the claims of his assignors.” Id. at 1379. A Plan may also prohibit the assignment of rights and benefits. Davidowitz v. Delta Dental Plan of California, Inc., 946 F.2d 1476 (9th Cir.1991). Both the Braun and Rudolph Plans prohibit the assignment of benefits. Thus, the question is whether the plan participants assigned Eden the right to sue for statutory penalties, independent from a claim for benefits.
Eden’s assignment purports to include the right to sue for statutory penalties under § 1132(c), as well as the right to seek attorney’s fees. Eden’s assignment is effective during “any legal process, necessary to collect claims submitted on [the participant’s] behalf for health insurance benefits, but denied by [the] plan.” Eden’s assignment grants personal standing under ERISA for “judicial review of denied claims.”
This is not a suit seeking “judicial review of denied claims,” and the claim for relief is not asserted during any “legal process, necessary to collect claims submitted on [the participant’s behalf] for health insurance benefits, but denied by [the] plan.” Accordingly, assuming (without deciding) that the right to bring claims under § 1132(c) is free-standing and may be assigned, Eden’s assignment to seek such relief is not effective under the terms of the assignment itself because it is not pursued during a process “necessary to collect claims.” This means that Eden lacks derivative standing to sue and the district court lacked jurisdiction. See Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 933 (9th Cir.1994) (an ERISA civil action must be brought by a participant, beneficiary, fiduciary, or the Secretary of Labor).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *697 by 9 th Cir. R. 36-3.