**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NORTHWEST ENVIRONMENTAL
DEFENSE CENTER, an Oregon non-
profit corporation,
*Plaintiff-Appellant*,

AMERICAN FOREST & PAPER
ASSOCIATION; OREGON FOREST
INDUSTRY COUNCIL,
*Intervenors*,

v.

DOUG DECKER, Oregon State
Forester, in his official capacity;
STEPHEN HOBBS; BARBARA CRAIG;
DIANE SNYDER; LARRY GIUSTINA;
WILLIAM HEFFERNAN; WILLIAM
HUTCHISON; JENNIFER PHILLIPPI,
(members of the Oregon Board of
Forestry, in their official capacities);
HAMPTON TREE FARMS, INC., an
Oregon domestic business
corporation; STIMSON LUMBER
COMPANY, an Oregon domestic
business corporation; GEORGIA-
PACIFIC WEST INC., an Oregon
domestic business corporation;

No. 07-35266

D.C. No.
CV-06-01270-
GMK

ORDER

SWANSON GROUP, INC., an Oregon
domestic business corporation;
TILLAMOOK COUNTY,
                 *Defendants-Appellees*.

On Remand From The United States Supreme Court

Filed August 30, 2013

Before: William A. Fletcher and Raymond C. Fisher,
Circuit Judges, and Charles R. Breyer, District Judge.[*]

**ORDER**

In *Northwest Environmental Defense Center v. Brown*,
640 F.3d 1063 (9th Cir. 2011), we reversed the decision of
the district court dismissing plaintiff's suit brought under the
Clean Water Act.  While our decision was awaiting review by
the United States Supreme Court, the Environmental
Protection Agency amended the relevant regulation.  *See*
Revisions to Stormwater Regulations, 77 Fed. Reg. 72,970
(Dec. 7, 2012).  The Supreme Court reversed our decision,
which had been based on the preamendment regulation.  It
did not address the amended regulation.  The Court held,
"The preamendment version of the Industrial Stormwater
Rule, as permissibly construed by the agency, exempts
discharges of channeled stormwater runoff from logging

---

[*] The Honorable Charles R. Breyer, District Judge for the U.S. District
Court for the Northern District of California, sitting by designation.

roads from the NPDES permitting scheme." *Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326, 1338 (2013).

The Court left intact our holding that "when stormwater runoff is collected in a system of ditches, culverts, and channels and is then discharged into a stream or river, there is a 'discernable, confined and discrete conveyance' of pollutants, and there is therefore a discharge from a point source" within the meaning of the Clean Water Act's basic definition of a point source in 33 U.S.C. § 1362(14). *Brown*, 640 F.3d at 1070–71; *see Decker*, 133 S. Ct. at 1338 ("[T]here is no need to reach petitioners' alternative argument that the conveyances in question are not 'pipe[s], ditch[es], channel[s], tunnel[s], conduit[s],' or any other type of point source within the Act's definition of the term. § 1362(14)." (some alterations in original)); *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986) (holding that when "[t]he Supreme Court reverse[s] this court, but on other grounds," it leaves unchanged the law of this circuit on issues not reached by the Court).

The Court remanded for "proceedings consistent with [its] opinion." *Decker*, 133 S. Ct. at 1338. We vacate the decision of the district court and remand to that court for proceedings consistent with the Supreme Court's opinion.