NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REGIONAL MEDICAL CENTER OF SAN
JOSE,

Plaintiff-Appellant,

v.

WH ADMINISTRATORS, INC.; et al.,

Defendants-Appellees.

No.    18-15089

D.C. No. 5:17-cv-03357-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted August 8, 2019
Submission Vacated August 14, 2019
Resubmitted February 25, 2020
San Francisco, California

Before: O'SCANNLAIN, McKEOWN, and BENNETT, Circuit Judges.

Plaintiff Regional Medical Center of San Jose's (the "Hospital") Employee

Retirement Income Security Act of 1974 ("ERISA") causes of action were dismissed

by the district court for a lack of standing, and the Hospital appeals. The Hospital

provided emergency medical care to a patient who was a beneficiary of RHC

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Management Health and Welfare Trust (the "Plan"), an ERISA benefits plan. The patient signed a Conditions of Admission form assigning her rights and benefits under existing insurance coverage policies to the Hospital. The Plan's terms additionally provided that all benefits payable by the Plan are automatically assigned to the provider of services. The Plan ultimately paid only $73,000 of the $900,000 billed. The Hospital sued several defendants to recover the unpaid amount: WH Administrators, Inc. ("WHA") as the plan administrator; RHC Management Co., LLC ("RHC") as the alleged plan sponsor and de facto plan administrator; Benefit Administrative Systems, LLC ("BAS") as an alleged de facto plan administrator; and the Phia Group, LLC[1] ("PHIA") (collectively the "Defendants"). We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's dismissal for lack of standing. *Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009); *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1224 (9th Cir. 2008). We reverse and remand.

"An assignment of the right to receive payment of benefits generally includes the limited right to sue for non-payment under § 502 (a)(1)(B) . . . ." *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 877 n.7 (9th Cir. 2017). And while only a plan participant, beneficiary, fiduciary, or the Secretary of Labor

---

[1] The Hospital alleges that the relationship between Phia Group, LLC and the other Defendants was "unclear" at the time of filing the complaint.

2

has statutory standing to bring an ERISA civil action, 29 U.S.C. § 1132(a), a valid assignment of plan benefits confers derivative standing. *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986).[2]

Here, the Conditions of Admission form signed by the patient purported to assign all of the patient's rights and benefits under the Plan to the Hospital. The Plan contract allowed for the assignment of "benefits payable." Whether the patient assigned "only" the right to receive payment is irrelevant because even the assignment of the right to receive payment includes the right to sue. *See id.* The Hospital gained derivative standing when the patient assigned it the right to receive payment.

Defendants argue that the Hospital lacks derivative standing because a separate provision in the Plan prohibits the assignment of the right to sue. This argument is unavailing. We read the contract as a whole. We read the language "[a]ll other benefits payable by the Plan may be assigned at your option" and the anti-assignment language together to provide that the assigned "benefits payable" includes the right to sue for those benefits. We give meaning to the anti-assignment clause by reading it to forbid assigning the right to sue for anything else. The restriction on assigning the right to sue does not, by its terms, limit the benefits

---

[2] As "[e]very United States Court of Appeals to have considered the question has found . . . an assignment of benefits is sufficient to confer ERISA standing." *N. Jersey Brain & Spine Ctr. v Aetna, Inc.*, 801 F.3d 369, 373 (3d Cir. 2015).

3

payable assignment clause. While Defendants may contend there is nothing else to assign, the Plan does not say, for example, that the "benefits payable to you may be assigned, but your assignee cannot sue us if unhappy with our decision on the amount we will pay."[3] Moreover, nothing in ERISA appears to support a separation of the assignment of benefits and the corollary assignment of the right to sue. However, we need not reach the question of whether ERISA would forbid a Plan clearly providing for such a separation. Our decision rests only on the language before us, which we find does not actually provide for a separation of the benefits payable and the right to sue for the same.[4]

We REVERSE the grant of dismissal and REMAND to the district court for further proceedings.[5]

---

[3] Since the Plan does not say that, we express no view on whether such language would be enforceable.

[4] The Hospital also argues that the "proximity rule" bars the Plan interpretation urged by Defendants. We need not reach this issue, because our reading of the Plan would be the same whether the benefits payable clause and the anti-assignment clause were next to each other or far from each other in the Plan documents.

[5] Attorney for Appellee WH Administrators, Inc., Ronald Scott Kravitz's Motion to Withdraw as Counsel [Dkt. 74] is denied as moot.