NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEXAZ STAR TURBINES, INC., | No. 21-17120 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-08071-SMB |
| v. | |
| TURBINE POWERED TECHNOLOGY, LLC, a Louisiana limited liability company; TED MCINTYRE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted December 5, 2022
Phoenix, Arizona

Before: WARDLAW and BUMATAY, Circuit Judges, and SCHREIER,[**] District Judge.

Texaz Star Turbines, Inc. ("Texaz Star") appeals the district court's grant of

the motion to dismiss its complaint against Turbine Powered Technology, LLC

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

("Turbine Powered") and Ted McIntyre.

In October 2019, Texas Star Turbines, Inc. ("Texas Star") filed a breach of contract suit against appellees, Turbine Powered and Ted McIntyre, in Arizona state court. The complaint alleges that appellees failed to make all of their payments on an airplane equipment sales contract they entered into with Texas Star in 2013. After appellees moved to dismiss the lawsuit in state court, Texaz Star filed an amended complaint, replacing Texas Star as the plaintiff and alleging that Texas Star had assigned its rights to Texaz Star. Appellees then removed the case to the United States District Court for the District of Arizona. The district court later dismissed Texaz Star's first amended complaint for failure to state a claim because "the contract, entered 15 years after [Texas Star] was terminated, is not valid." It further reasoned that "[s]ince the original contract entered by [Texas Star] was not valid, then [Texaz Star] cannot assert a cause of action for its breach." Texaz Star moved to reconsider its dismissal and to extend the deadline to file a second amended complaint. The district court denied both motions. Texaz Star now appeals.

We have jurisdiction under 28 U.S.C. § 1291, and we remand the case to the district court to (1) determine whether Texaz Star has Article III standing to bring its suit against appellees; and (2) if so, whether Texaz Star has the capacity to sue in a federal district court in Arizona.

1. *Standing.* Article III, § 2, of the Constitution restricts the federal "judicial Power" to resolving "Cases" and "Controversies." *Sprint Commc'ns Co., v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). For there to be a case or controversy, the plaintiff must have standing to sue. *See, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing is a jurisdictional requirement, and thus federal courts must determine whether a plaintiff has standing at any and every point in the litigation before addressing the arguments on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998). Parties can never waive jurisdictional defects, and federal courts are obligated to consider them *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

For an assignee to have standing, it must show that its assignor had Article III standing. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,* 770 F.3d 1282, 1291 (9th Cir. 2014). That is because an assignee simply "stands in the shoes of the assignor[.]" *Misic v. Bldg. Servs. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1378 n.4 (9th Cir. 1986).

Here, the district court did not determine Texas Star's precise status under Texas law. Specifically, the record is unclear whether Texas Star is a forfeited or dissolved corporation according to Texas law. Although we make no determination on Texas Star's Article III standing, such standing may be affected by its status as a forfeited or dissolved corporation. We remand to the district court

to determine Texas Star's status under Texas law and whether it, as an assignor, had Article III standing to confer standing on assignee Texaz Star.

2. *Capacity to Sue*. Even if Texaz Star has Article III standing, Appellees argue that Texaz Star lacks capacity to sue because Texas Star, its assignor, could not sue in Texas state courts due to its forfeited status. *See* Tex. Tax Code Ann. § 171.252 (denying forfeited corporations "the right to sue or defend in a court of this state."). A party's capacity to sue is different from standing. *See In re Krause*, 546 F.3d 1070, 1072 n.2 (9th Cir. 2008). If Texaz Star can establish standing, then the district court must determine whether Texaz Star, as assignee of Texas Star, has capacity to sue in Arizona federal district court. We do not limit consideration of the capacity-to-sue issue and allow Texaz Star to raise defenses to that issue, such as waiver.

3. *Capacity to Contract*. The district court dismissed Texaz Star's first amended complaint based on its view that Texas Star had no capacity to enter into contracts. Texaz Star moved the district court to reconsider its decision, citing *Transamerica Corp v. Braes Woods Condo Ass'n, Inc.*, 580 S.W.3d 733 (Tex. App. 2019) and *Ross Amigos Oil Co. v. State*, 138 S.W.2d 798 (1940). The district court denied appellant's motion to reconsider on the ground that appellant failed to raise and argue these two cases in its original opposition to appellees' motion to dismiss. On remand, if the district court finds that Texaz Star has Article III

4

standing, the district court should reconsider its original analysis in light of these two cases.

We vacate the dismissal of Texaz Star's complaint and remand to the district court for consideration consistent with this decision

**VACATED AND REMANDED.**